**Steve Douglas HANSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–00965–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1999.

Rehearing Overruled Feb. 10, 2000.

Tony Aninao, Houston, for appellants.
Eric Kugler, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and DRAUGHN.*

# OPINION

LESLIE BROCK YATES, Justice.

Appellant, Steve Douglas Hanson, entered a plea of guilty, without an agreed recommendation, to the offense of burglary of a habitation with intent to commit theft. The court deferred adjudication of guilt and placed appellant on community supervision for a period of ten years. Subsequently, the trial court granted the State's motion to adjudicate guilt, finding that appellant violated terms of his community supervision by failing to report as ordered. Appellant was sentenced to seven years' imprisonment.

█ In three points of error, appellant claims his plea was involuntary, he received ineffective assistance of counsel, and he was denied counsel on appeal.[1] We affirm.

█ In his first two points of error,[2] appellant alleges that at the original plea hearing he received ineffective assistance of counsel which rendered his plea of guilty involuntary. Specifically, he claims his trial counsel improperly advised him that a prior completed deferred adjudication probation would be admissible against him during the guilt innocence phase of the case, and that he could report to his probation officer by mail.

The Court of Criminal Appeals has recently addressed whether on appeal from an adjudication of guilt, a defendant may complain of error in the original plea proceeding. *See Manuel v. State*, 994 S.W.2d 658 (Tex.Crim.App.1999). In affirming the Second Court of Appeal's finding that it lacked jurisdiction to hear Manuel's appeal, the Court of Criminal Appeals held that:

> a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred community supervision is first imposed. Certainly, it was not the Legislature's intent, in enacting Article 44.01(j),[3] to permit two reviews of the legality of a deferred adjudication order, one at the time deferred adjudication community

---

\* Senior Justice Joe L. Draughn sitting by assignment.

1. Appellant's brief also contains a point of "discussion" in which he argues that this court has jurisdiction under Texas Rule of Appellate Procedure 25.2(b)(3). Rule 25.2(b)(3) provides that following an *agreed* plea of guilty or no contest, a notice of appeal must specify that the appeal is for a jurisdictional defect; the substance of the appeal was raised by written motion and ruled on before trial; or state that the trial court granted permission to appeal. Here the record indicates that the appellant's original plea of guilty was without an agreed recommendation. Accordingly, Rule 25.2(b)(3) does not apply in this case. *See generally, Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App. 1996) (holding that former rule 40(b)(1) restrictions apply to revocation of deferred adjudication probation where original guilty plea was an agreed plea). Thus, we find that appellant's general notice of appeal is sufficient to confer jurisdiction upon this court.

2. Because appellant's "first point of discussion" is not a point of error, we have renumbered appellant's remaining points.

3. Article 44.01(j) of the Code of Criminal Procedure provides in relevant part that "[t]he defendant's right to appeal under Article 44.02 may be prosecuted by the defendant where the punishment assessed is in accordance with Subsection (a), Section 3d, Article 42.12 of this code...." Article 44.02 provides that a "defendant in any criminal action has the right to appeal under the rules hereinafter prescribed...." The Court of Criminal Appeals has interpreted Article 44.01(j) to allow a defendant to appeal from deferred adjudication community supervision to the same extent as defendants are permitted to appeal from regular community supervision. *See Manuel v. State*, 994 S.W.2d 658, 661 (Tex.Crim.App.1999)(citing *Feagin v. State*, 967 S.W.2d 417, 419 n. 2 (Tex.Crim.App. 1998); *Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App.1996); *Kirby v. State*, 883 S.W.2d 669, 671 n. 3 (Tex.Crim.App.1994); *Dillehey v. State*, 815 S.W.2d 623, 625 (Tex. Crim.App.1991)).

supervision is first imposed and another when, and if, it is later revoked.

*Manuel,* 994 S.W.2d at 661–62.

In the instant case, appellant pleaded guilty and received deferred adjudication community supervision in June 1994. Three years later, his guilt was adjudicated and his community supervision was revoked. Appellant could have appealed from the order placing him on deferred adjudication and could have raised the voluntariness of his plea following his original plea hearing. Based on the holding in *Manuel,* his failure to do so precludes us from now hearing the merits of his complaints. Accordingly, we are without jurisdiction to consider points of error one and two.

In appellant's third point of error he complains of the trial court's refusal to appoint counsel to assist him at the hearing on his *pro se* motion for new trial[4] and to assist him in filing a proper amended motion for new trial and/or proper amended notice of appeal.

Appellant filed a *pro se* motion for new trial on August 11, 1997 and a *pro se* notice of appeal on August 20, 1997. The appellant appeared *pro se* at a hearing on September 9, 1997. At that hearing, appellant requested the trial court appoint counsel for his appeal. The trial court refused the request stating that the appellant was not entitled to appeal the court's decision. On February 20, 1998, the trial court again refused to appoint counsel on appeal, stating that appellant's notice of appeal was not timely filed. The motion for new trial was overruled by operation of law. On March 5, 1998, this court ordered the trial court to appoint counsel on appeal. Appellant was finally appointed appellate counsel on April 2, 1998.

The right to counsel is fundamental in our system of justice and ap-
pointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of an accused may be affected. *See Trevino v. State,* 565 S.W.2d 938, 939 (Tex.Crim.App. 1978). "Without doubt the hearing on a motion for new trial is a critical stage of the proceedings." *Id.* at 940. Thus, it would be error for a trial court to refuse to appoint counsel for a motion for new trial hearing. Further, while the Court of Criminal Appeals has not addressed whether a defendant is entitled to counsel during the time limit for filing a motion for new trial, other courts of appeals, including this court, have held that there is such a right. *See Oldham v. State,* 889 S.W.2d 461 (Tex.App.—Houston [14th Dist.] 1994) *rev'd on other grounds,* 977 S.W.2d 354 (Tex.Crim.App.1998); *cert. denied,* 525 U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999); *Boyette v. State,* 988 S.W.2d 479, 480 (Tex.App.—Houston [1st Dist.] 1999, no pet.).

In order to prevail on a claim of deprivation of counsel during the time to file a motion for new trial appellant must affirmatively prove that he was not represented by counsel during a critical stage of the proceeding. *See Oldham,* 977 S.W.2d at 363 (Tex.Crim.App.1998). There is a rebuttable presumption that the appellant was represented by counsel and that counsel acted effectively. *See id.* This presumption arises, in part, because appointed counsel remains as the defendant's counsel for all purposes until expressly permitted to withdraw, even if the appointment is for trial only. *See Ward v. State,* 740 S.W.2d 794, 796 (Tex.Crim.App.1987). Where, as here, trial counsel was retained, there exists a "duty, obligation and responsibility to consult with and fully to advise his client concerning [the] meaning and effect of the judgment rendered by the court, his

---

4. We note that the record reflects no motion for new trial hearing was held. Further, appellant raises no point of error complaining of the court's refusal to hold a hearing on appellant's *pro se* motion for new trial. According-
ly, we will only address whether the court erred in failing to appoint counsel during the time for filing an amended motion for new trial and amended notice of appeal.

right to appeal from that judgment, and the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal." *Oldham,* 977 S.W.2d at 362 (quoting *Ex parte Axel,* 757 S.W.2d 369, 374 (Tex.Crim.App.1988)).

█ As noted above, the record reflects that appellant filed a *pro se* motion for new trial and notice of appeal. This is some evidence that appellant was adequately counseled and was informed of his appellate rights. In fact, appellant does not complain of the denial of assistance of counsel in filing these documents. Rather, appellant's complaint focuses on the denial of counsel during the time period his *pro se* motion for new trial was pending and during which an amended motion for new trial and/or an amended notice of appeal could have been filed.

At the September 9, 1997 hearing, appellant informed the trial court that he was indigent and he requested a court appointed lawyer. Appellant also filed a motion with this court to appoint counsel on appeal. This court twice notified the trial court that appellant was not represented by counsel and we ordered the trial court to determine if appellant was indigent and should have a court appointed lawyer. Thus, appellant has overcome the presumption that he was represented by counsel and that counsel was acting effectively during the time period of which he complains. Because appellant was not appointed a lawyer until April 2, 1998, almost seven months after he requested one and during the time his motion for new trial and his appeal were pending, we find that he was denied counsel at a critical stage of the proceeding.

█ The error which appellant complains of (denial of counsel during time to file his motion for new trial and notice of appeal) implicates the Sixth Amendment of the United States Constitution. Violations of the Sixth Amendment are subject to a "harmless error" analysis. *See Satterwhite v. Texas,* 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988) (holding that where the absence of counsel does not pervade the entire proceeding, Sixth Amendment violations are subject to a harmless error analysis); *see also Green v. State,* 872 S.W.2d 717, 727 (Tex.Crim.App. 1994) (citations omitted); *see* Tex.R.App. P. 44.2. For the following reasons we have determined that appellant was not harmed by the delay in the appointment of counsel.

First, appellant filed a quite articulate motion for new trial and notice of appeal in which he complained of ineffective assistance of counsel. Once appellate counsel was appointed, albeit nine months after appellant's sentencing, counsel relied primarily on the points of error raised by appellant, adding only the additional claim regarding the delay in the appointment of appellate counsel. By not raising any additional claims, appellate counsel has conceded the efficacy of the *pro se* filings. Second, while appellant now complains that counsel could have aided him in filing an amended motion for new trial and notice of appeal, he points to no deficiencies in either document that required amendment. Third, as noted above, appellant is precluded from raising in this appeal error which allegedly occurred at the original plea hearing. Thus, even if the trial court had timely appointed appellate counsel, this court could not reach the merits of the errors now complained of since the time to appeal such errors has passed. *See Manuel,* 994 S.W.2d at 662. Therefore, we find that appellant's *pro se* motion for new trial and notice of appeal were adequate, and that appellant was not harmed by the delay in appointment of appellate counsel. Appellant's fourth point of error is overruled.

The judgement of the trial court is affirmed.