Affirmed and Opinion filed September 5, 2002









Affirmed and Opinion filed September 5, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00562-CR

____________

 

WILLIAM ALLEN LATHAM, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 643,305

 



 

O P I N I O N

Appellant, William Allen Latham, was charged with and pleaded
no contest to the offense of aggravated sexual assault of a child.  On August 4, 1993, in accordance with the
State’s recommendation, the trial court sentenced appellant to seven years’
deferred adjudication and a $500 fine. 
On December 6, 1999, the State filed a motion to adjudicate guilt based
on numerous alleged violations of probation. 
The trial court granted the State’s motion and sentenced appellant to
life in the Texas Department of Criminal Justice, Institutional Division. 








I.  ISSUES ON APPEAL

Appellant asserts several issues on appeal: (1) ineffective
assistance of counsel; (2) the evidence was insufficient to demonstrate a
violation of probation; (3) he was denied due process because the trial court
refused to consider reinstatement of probation as a punishment option; (4) the
sex-offender registration requirements of Chapter 62 of the Texas Code of
Criminal Procedure violate constitutional prohibitions of ex post facto laws; and
(5) Chapter 62 of the Texas Code of Criminal Procedure offends due process.

II.  INEFFECTIVE
ASSISTANCE OF COUNSEL[1]

Appellant contends his counsel was ineffective because he:
(1) failed to object to the prosecutor’s allegedly improper argument during the
punishment stage; (2) waited until sentencing to ask the court to consider
reinstating probation; (3) failed to offer/was precluded by the court from
offering evidence regarding reinstatement of probation; (4) failed to object to
extraneous offense evidence introduced during the adjudication stage; (5)
failed to object to polygraph testimony given during the adjudication stage;
and (6) failed to file a motion for new trial.








Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel. 
U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 1977).  The right to counsel necessarily includes the
right to reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686 (1984).  The United States
Supreme Court has established a two-prong test to determine whether counsel is
ineffective.  Id.  First, appellant must demonstrate counsel’s
performance was deficient and not reasonably effective.  Id. at 688B92. 
Second, appellant must demonstrate the deficient performance prejudiced
the defense.  Id. at 693.  Essentially, appellant must show that his
counsel’s representation fell below an objective standard of reasonableness,
based on prevailing professional norms, and there is a reasonable probability
that, but for his counsel’s unprofessional errors, the result of the proceeding
would have been different.  Id.; Valencia
v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997).

If appellant proves his counsel’s representation fell below
an objective standard of reasonableness, he still must affirmatively prove
prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at 693; McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).  Counsel’s errors, even if professionally
unreasonable, do not warrant setting the conviction aside if the errors had no
effect on the judgment.  Strickland,
466 U.S. at 691.  Appellant must prove
counsel’s errors, judged by the totality of the representation, denied him a
fair trial.  McFarland, 928 S.W.2d
at 500.  If appellant fails to make the
required showing of either deficient performance or prejudice, his claim fails.
 Id. 

A.        Failure to Object: Prosecution’s Allegedly Improper Argument
During Punishment Phase

Appellant argues his counsel was ineffective for failing to
object to allegedly improper statements made by the State during the punishment
phase.  Specifically, appellant asserts the
prosecution’s references to (1) statements contained in appellant’s
psychological report and (2) specific facts regarding the offense were improper
because they were not in evidence and were not supported by the record.  Assuming the State’s references were
improper, appellant’s argument still fails because appellant has failed to
affirmatively prove he was prejudiced as a result of these errors.

1.         References to
Statements Contained in Appellant’s Psychological Report








In its closing argument at the punishment phase, the State
directed the trial court’s attention to a psychological report on appellant
that was contained in the court’s file. 
The State recited characterizations of appellant contained in the report
that appellant is someone who “[was] preoccupied with sexuality, . . .
experience[d] mixed sexual and aggressive feelings combined, . . . had sadistic
impulses for which he felt no remorse, . . . [and] may take revenge on those
who hurt him and has a potential for acute aggressive outbursts.”  Appellant=s medical records were accompanied by
an affidavit from the custodian of records. Although the State was prepared to
introduce appellant’s medical records under an exception to the rule excluding
hearsay, it does not appear from the record that the State ever offered them.  See Tex.
R. Evid. 803(6).  If appellant’s
trial counsel had objected to the State’s reference, the State would have
properly been permitted to introduce the records concerning appellant’s
psychiatric examination into evidence.[2]   Counsel is not required to perform futile
acts.  Mooney v. State, 817 S.W.2d
693, 698 (Tex. Crim. App. 1991). 
Therefore, appellant has not affirmatively shown he was prejudiced by
his trial counsel’s failure to object.

2.         References to
the Offense








            In its closing argument
at the punishment phase, the State asserted that the victim had stated that
appellant “stuffed a sock in her mouth and penetrated her between her legs with
his penis.”  The indictment to which
appellant pleaded no contest reads:  “[appellant]
did . . . intentionally or knowingly cause the penetration of the mouth of
[N.W.], a person younger than fourteen years of age, with the sexual organ of
the Defendant.”  The State’s allegation
that appellant penetrated the complainant between her legs differs from the
allegation in the indictment that appellant penetrated the victim’s mouth.  However, the trial court was presumptively
aware of the indictment and appellant=s stipulation that “witnesses for the
State . . . would testify that [these] acts were committed . . . and that they
are true and correct.”  If appellant’s
trial counsel had objected to the State’s argument and the discrepancy between
its statement and the indictment, the State could have read appellant’s
stipulation into evidence.  See Tex. Crim. Proc. Code Ann. art. 37.07, ' 3(a) 
(Vernon Supp. 2002) (stating that a trial court may admit evidence
concerning the circumstances of the offense during the punishment stage).  Moreover, the trial court is aware of the
charge in the indictment and would ignore such inaccurate statements.  Appellant has failed to affirmatively prove
he was prejudiced as a result of his trial counsel’s failure to object to this
statement.

B.        Reinstatement
of Probation

Appellant’s contention his counsel was ineffective because he
waited until sentencing to ask the court to consider reinstating probation and
failed to offer (or was precluded by the court from offering) evidence to
support reinstatement of probation is without merit.  The court was statutorily prohibited from
considering reinstatement of probation as an appropriate sentence at the
punishment phase.  Under Article 42.12,
section 3(g) of the Texas Code of Criminal Procedure, judge-ordered community
supervision is unavailable to a defendant adjudged guilty of certain offenses,
including aggravated sexual assault.   Tex. Code Crim. Proc. Ann. art. 42.12, ' 3(g)(a)(1)(E) (Vernon Supp.
2002).  Appellant had been adjudged
guilty of the offense of aggravated sexual assault of a child.  Therefore, reinstating probation was not an
option.  See id.  Counsel=s performance was not deficient
because he failed to request a punishment that the trial court was prohibited
from considering.  See Mooney, 817
S.W.2d at 698.  Furthermore, appellant
was not prejudiced by counsel’s failure to request this punishment because the
trial court was prohibited from considering it. 


C.        Failure to Object: Extraneous Offense Evidence, Polygraph
Testimony During Adjudication Phase








Appellant asserts his trial counsel rendered ineffective
assistance when he failed to object to extraneous-offense evidence and
testimony regarding statements made by appellant during a polygraph exam
admitted during the adjudication phase. 
Texas Code of Criminal Procedure Article 42.12, section 5(b), prohibits
a defendant from appealing a trial court’s decision to proceed with an
adjudication of guilt.  Tex. Code. Crim. Proc. Ann. art. 42.12,
 ' 5(b) (Vernon Supp. 2002).  This prohibition includes claims of
ineffective assistance of counsel during the adjudication phase.  Phynes v. State, 828 S.W.2d 1, 2 (Tex.
Crim. App. 1992) (holding defendant could not appeal on ground counsel was not
present at adjudication hearing). 
Accordingly, we dismiss this claim. 
Id. (stating that an appellate court should dismiss appeals of
the trial court=s decision to adjudicate). 


D.        Failure to
File Motion for New Trial

Appellant claims he was without effective assistance of
counsel during the period for filing a motion for new trial.  This court has held the time period for
filing a motion for new trial is a critical stage of the proceedings during
which a defendant is constitutionally entitled to assistance of counsel.  Hanson v. State, 11 S.W.3d 285, 288 (Tex.
App.CHouston [14th Dist.] 1999, pet. ref’d).  There is a rebuttable presumption that
appellant was represented by counsel and counsel acted effectively.  Oldham v. State, 977 S.W.2d 354, 363 (Tex.
Crim. App. 1998).  When a motion for new
trial is not filed in a case, the rebuttable presumption is that it was
considered by the appellant and rejected. 
Id.  The facts of this case
are similar to those of Oldham. 
As in that case, appellant here filed a pro se notice of appeal and
pauper=s oath shortly after sentencing, and
the letter of assignment to this court indicated appellate counsel was to be
determined.  Without any evidence showing
that trial counsel thought his duties complete and subsequently abandoned
appellant, the Oldham court construed this as evidence appellant must
have been informed of at least some of her appellate rights, and presumed
appellant was adequately represented by counsel.  Id. 
Appellant has failed to overcome the presumption that he was adequately
represented by counsel during the time for filing a motion for a new trial. 








We recognize that in cases such as this, review of the record
is seldom an effective means to determine ineffective assistance of counsel,
especially if the alleged derelictions are errors of omission de hors the
record.  Id.  Though we find that appellant has not
satisfied his burden of overcoming the strong presumption that counsel’s
performance was effective, appellant is not without recourse.  The Court of Criminal Appeals has held that
the general doctrine that forbids an application for writ of habeas corpus
after direct appeal has addressed the issue does not apply in these situations,
and appellant can resubmit his claim via an application for writ of habeas
corpus.  Oldham, 977 S.W.2d at
363.  We dismiss the portion of appellant’s
first point of error that pertains to the trial court’s decision to proceed
with an adjudication of guilt, and overrule the remainder of appellant=s first point of error and appellant=s sixth point of error. 

III.  INSUFFICIENT
EVIDENCE OF PROBATION VIOLATIONS

Appellant contends there was insufficient evidence he
violated the conditions of his probation. 
Sufficiency arguments, however, are an impermissible appeal of the trial
court’s decision to adjudicate guilt.  Tex. Code Crim. Proc. Ann. art. 42.12 ' 5(b); Connolly v. State, 983 S.W.2d
738, 741 (Tex. Crim. App. 1999).  We have
no jurisdiction to address this issue.  See
Connolly, 983 S.W.2d at 741. 
Accordingly, we dismiss appellant=s second point of error. 

IV.  DUE PROCESS

Appellant asserts the trial court violated his right to due
process by refusing to consider the full range of applicable punishment options
(i.e., reinstating probation).  He did
not, however, present this objection to the trial court.  Therefore, appellant has not preserved this
issue for our review.  See Tex. R. App. P. 33.1; see also Briggs
v. State, 789 S.W.2d 918, 924 (Tex. 1990) (holding that even constitutional
errors can be waived by failure to object at trial).  We overrule appellant=s third point of error.  

V.  EX POST FACTO AND
DUE PROCESS CHALLENGES

TO THE SEX OFFENDER REGISTRATION
STATUTE

 








Appellant argues the registration requirements imposed under
Chapter 62 of Texas Code of Criminal Procedure as applied to him violate the ex
post facto and due process clauses of the United States Constitution.  He did not, however, present these objections
to the trial court.  Therefore, appellant
has not preserved these issues for our review. 
See Tex. R. App. P. 33.1;
see also Briggs, 789 S.W.2d at 924; McGowan v. State, 938 S.W.2d
732, 740 (Tex. App.CHouston [14th Dist.] 1996) (stating Briggs line of
cases as clearly indicating, unless statute is facially unconstitutional or
void ab initio, one must preserve error for appeal), aff’d sub
nom.  Weightman v. State, 975 S.W.2d
621 (Tex. Crim. App. 1998).  We
overrule appellant’s fourth and fifth points of error.

VI.  CONCLUSION

We dismiss for want of jurisdiction appellant=s second point of error and the
portion of appellant’s first point of error regarding the trial court’s
decision to proceed with an adjudication of guilt.  We overrule the remainder of appellant’s
points of errors and affirm the judgment of the trial court.

 

 

/s/        John S. Anderson

Justice

 

 

Judgment rendered
and Opinion filed September 5, 2002.

Panel consists of
Chief Justice Brister and Justices Anderson and Frost.

Do Not Publish C Tex.
R. App. P. 47.3(b).

 











[1]  Both appellant’s
first and sixth points of error argue ineffective assistance of counsel claims.  For 
purposes of our analysis, we will address these points of error
together.





[2]  Under Article
37.07 of the Texas Code of Criminal Procedure, the trial court may admit any
evidence it deems relevant to sentencing, including evidence concerning the
defendant’s general reputation, bad character, extraneous bad acts, and the
circumstances of the offense.  Tex. Crim. Proc. Code Ann. art. 37.07, ' 3(a) (Vernon Supp. 2002).  Rule 401 is helpful to determine what is
relevant under Article 37.07, but is not a “perfect fit.”  Rogers v. State, 991 S.W.2d 263, 265
(Tex. Crim. App. 1999).  The Court of
Criminal Appeals has said that the admissibility of evidence at the punishment
stage is a “function of policy rather than relevancy.”  Miller-El v. State, 782 S.W.2d 892, 895B96 (Tex. Crim. App. 1990).  This is so because “there are no discreet
factual issues at the punishment stage.” 
Id.  Deciding the
appropriate punishment “is a normative process, not intrinsically fact bound.”  Id. (citations omitted).