Affirmed and Memorandum Opinion filed March 13, 2003









Affirmed and Memorandum Opinion filed March 13, 2003.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01152-CR

____________

 

GEORGE LOUIS WEBER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 180th District Court

Harris County, Texas

Trial
Court Cause No. 878,482

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
George Louis Weber, appeals his felony conviction for driving while
intoxicated.  See Tex. Pen. Code Ann. ''
49.04, 49.09(b) (Vernon Supp. 2003).  In
three points of error, appellant claims (1) the trial court improperly
commented on the weight of the evidence during voir
dire, (2) appellant was denied effective assistance of counsel during the time
for filing a motion for new trial, and (3) his trial counsel was ineffective
during the punishment phase of the trial. 
We affirm.








Appellant
was charged with the offense of driving while intoxicated (ADWI@).  The indictment further alleged appellant had
two previous DWI convictions.  The jury
found appellant guilty of felony DWI and sentenced him to eight years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.

                                                    Statements
During Voir Dire

In
his first point of error, appellant claims the trial court erred by commenting
on the weight of the evidence during voir dire.  During the court=s
portion of the voir dire, the court informed the
venire that the indictment alleged that appellant had two previous DWI
convictions.  Later, the following
exchange occurred between the court and one of the venire members:

VENIREPERSON:   . . . . 
[Y]ou state that Mr. Weber had already been
convicted of two DWIs, then the probability of him
being guilty on the third one goes up, okay? . . . .

THE
COURT:           Thank you very much.  And that is a very good point you made and I
must now tell you, and I will instruct you in the written charge, the fact that
the defendant has previously been convicted of driving while intoxicated is no
evidence at all that he was intoxicated on the occasion in question, okay?

And of course
you have to B that is a given.  Just
because B
I mean, let=s say I had been convicted of theft before and I was charged
with theft again.  Just because I was
previously convicted of theft wouldn=t
be any evidence that I committed theft this time.  Same principle applies in this.

Appellant
complains that the court erroneously stated as a Afact@ that appellant had two previous DWI convictions, when that is
an element of the offense of felony DWI and thus must be proven by the State.  See Tex.
Pen. Code Ann. ' 49.09(b).  Appellant
admits, however, that he did not object to the court=s
statements at trial.  As a general rule,
failure to object to the trial court=s comments during voir dire waives
any error.  See Tex. R. App. P. 33.1; Fuentes v.
State, 991 S.W.2d 267, 276 (Tex. Crim. App.
1999).  Appellant claims he was not
required to object in this case, citing Blue v. State, 41 S.W.3d 129
(Tex. Crim. App. 2000).  Because we hold that Blue does not
apply to our facts, we disagree.








In
Blue, the Court of Criminal Appeals reversed a conviction based on
comments made by the trial court during voir dire
even though the appellant failed to object at trial.  Specifically, the court was apologizing to a
group of prospective jurors for their long wait and stated, among other things,
the following:

[T]he attorney has been speaking to his client about what does
he want to do. . . .  Frankly, an offer
has been made by the State or do I go to trial. 
And he has been back and forth so I finally told him I had enough of
that, we are going to trial. . . . 
Frankly, obviously, I prefer the defendant to plead because it gives us
more time to get things done and I=m sure not going to come out here and sit. . . .

41 S.W.3d
at 130.  A majority of the court
concluded that the trial court=s comments constituted reversible error despite appellant=s
failure to object at trial, although the judges did not agree as to the reason
why.  Four of the court=s
judges concluded that the trial court=s statements tainted the appellant=s
presumption of innocence and thus constituted fundamental error that required
no objection.  See id. at
132 (plurality opinion).  Judge Keasler wrote a concurring opinion in which he agreed that
the appellant did not waive his complaint; however, he reasoned that these
statements showed partiality and thus violated the appellant=s
absolute right to an impartial judge.  See
id. at 139 (Keasler, J., concurring).[1]








Under
either analysis, the trial court=s statements in this case do not rise to the level of the
comments held to constitute nonwaivable error in Blue.  The objectionable statements in Blue
touched on the core issue of the appellant=s guilt or innocence for the underlying offense.  By suggesting he would Aprefer
the defendant to plead,@ the trial court may have cast substantial doubts in the jurors=
minds about the appellant=s presumed innocence or the court=s views on the appellant=s guilt.  Here, at worst,
the trial court=s comments reduced the State=s burden as to a single, undisputed element of the
charged offense.  We cannot say that the
court=s
statement as fact (rather than as an allegation) that appellant had previously
been convicted of driving while intoxicated tainted the presumption of
appellant=s innocence for the present offense or in any way suggested the
trial judge was not impartial.  Thus, we
conclude Blue does not apply and the trial court=s
error, if any, was not fundamental. 
Because appellant did not object to the court=s
statements during voir dire, he waived his right to
complain on appeal.  We overrule
appellant=s first point of error.

                                    Ineffective
Assistance B Motion for New Trial

In
his second point of error, appellant contends he received ineffective
assistance of counsel during the thirty-day period after sentencing for filing
a motion for new trial.  See Tex. R. App. P. 21.4.  The trial court imposed sentence on October
4, 2001.  On October 9, appellant filed a
written notice of appeal, signed by his trial counsel.  On November 19, 2001, after the time for
filing a motion for new trial had lapsed, the trial court signed an order
appointing appellant=s current counsel, Angela Cameron, as appellate counsel.  Appellant then filed in this court a motion
to abate the appeal, claiming that, had appellate counsel been appointed
sooner, she would have filed a motion for new trial alleging ineffective
assistance of counsel.  We denied
appellant=s motion to abate, as well as a motion to reconsider.  Appellant now argues on direct appeal that he
was denied effective assistance of counsel during the period he could have
filed a motion for new trial.  Because
appellant has not affirmatively established that he was without counsel during
this time, his complaint fails.








This
court has held that a defendant has a right to counsel during the time for
filing a motion for new trial.  See
Hanson v. State, 11 S.W.3d 285, 288 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d).  The trial court
appointed Cameron as appellant=s counsel on appeal on November 19, 2001, sixteen days after
the time for filing a motion for new trial had passed.  However, the record contains no evidence
suggesting that appellant=s trial counsel abandoned him or otherwise believed his duties
were complete before this time period had expired.[2]  To the contrary, five days after appellant
was sentenced, appellant filed a written notice of appeal that was signed by
his trial counsel.  The only other
evidence the record contains is the district clerk=s
assignment letter, dated November 16, indicating that appellant=s
attorney of record on appeal is to be determined.  This letter does not support appellant=s
claim that he was denied the assistance of counsel up until November 5, the deadline
for filing his motion for new trial.  We
conclude that the record in this case is insufficient to rebut the presumption
that, during the time period for filing a motion for new trial, appellant was
represented by counsel and counsel acted effectively.  See Oldham v. State, 977 S.W.2d
354, 362B63
(Tex. Crim. App. 1998).  We overrule appellant=s
second point of error.

                                       Ineffective
Assistance B Punishment Phase

Finally,
appellant claims his trial counsel was ineffective during the punishment phase
of the trial.  At one point during
appellant=s testimony in the punishment phase, his counsel asked him
about the circumstances behind appellant=s previous conviction for misdemeanor theft.  The State objected to the question, and the
trial court sustained the objection. 
Appellant argues that this testimony was admissible and that his trial
counsel=s
failure to take the necessary steps to preserve this complaint for appeal
constitutes ineffective assistance.  See
Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim.
App. 1999) (AError in the exclusion of evidence may not be urged unless the
proponent perfected an offer of proof or a bill of exceptions.@).








The
standards for reviewing claims of ineffective assistance under the Sixth
Amendment are well established.  See
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). 
Appellant=s ineffective-assistance claim fails because he presents no
evidence to overcome the strong presumption that his counsel=s
conduct fell within the wide range of reasonable representation.  See McFarland, 928 S.W.2d at
500.  It could be that appellant=s
trial counsel changed his mind about presenting evidence concerning appellant=s
theft conviction, and therefore he made a strategic decision not to challenge
the court=s adverse ruling.  In the
absence of any evidence to the contrary, we cannot conclude the performance of
appellant=s trial counsel was deficient. 
See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Furthermore,
appellant has not affirmatively proven prejudice.  See McFarland, 928 S.W.2d at
500.  The record in this case contains no
indication of what appellant=s excluded testimony would have been.  Thus, we cannot determine whether there is a
reasonable probability that, but for the failure to preserve appellant=s
complaint regarding the exclusion of his testimony, a different outcome would
have resulted.  See id.  We overrule appellant=s
third point of error.

We
affirm the trial court=s judgment.

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

Judgment rendered and Memorandum Opinion
filed March 13, 2003.

Panel consists of Justices Yates,
Anderson, and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).

 











[1]  A sixth judge,
Judge Meyers, concurred in the judgment but did not join any opinion.





[2]  Appellant
attempts to rely on an affidavit he submitted to this court in support of his
motion to abate the appeal.  Because this
affidavit was never before the trial court, it is not part of the appellate
record, and we may not consider it as part of this direct appeal.  See Yarbrough v. State, 57
S.W.3d 611, 616 (Tex. App.CTexarkana 2001, pet. ref=d)
(citing Tex. R. App. P. 34.1).