Affirmed and Opinion filed August 26, 2003









Affirmed and Opinion filed August 26, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01042-CR

____________

 

LOYD
LANDON SORROW, Appellant

 

V.

 

THE
STATE OF TEXAS, Appellee

 



 

On Appeal
from the 263rd District Court

Harris County,
Texas

Trial Court
Cause No. 874,978

 



 

O P I N I O N

Appellant, Loyd
Landon Sorrow, was charged with aggravated sexual assault of a child.  Pursuant to appellant=s plea agreement
with the State, the trial court placed appellant on deferred adjudication
probation for a period of seven years and assessed a fine of $250.00.  On June 11, 2002, the State moved to
adjudicate appellant=s
guilt.  On September 6, 2002, the trial
court adjudicated appellant=s
guilt and sentenced him to 222
years= confinement in the
Institutional Division of the Texas Department of Corrections.  On September 13, 2002, appellant filed pro-se
a notice of appeal in which he also requested the appointment of counsel on
appeal.  








On November 7,
2002, we entered an order abating the case and directing the trial court to
conduct a hearing to determine appellant=s
indigent status and, thus, whether he was entitled to the appointment of
counsel on appeal.  On November 15, 2002,
the trial court appointed appellate counsel, who, on December 13, 2002, filed a
motion for leave and a motion for new trial alleging ineffective assistance of
counsel at the hearing on the State=s
motion to adjudicate guilt.  The trial
court denied both motions.  

In his sole issue
on appeal, appellant claims he was denied effective assistance of counsel
during the 30-day time period for filing a motion for a new trial and the trial
court erred in denying his motion for leave to file a motion for new trial so
that he could develop issues related to his punishment assessed by the trial court.  Therefore, appellant requests that we find
that he was denied effective assistance of counsel during the time period for
filing a motion for new trial, abate the appeal, and order the trial court to
conduct a hearing on his motion for new trial. 









A defendant may
file a motion for new trial no later than 30 days after the date on which the
trial court imposes or suspends the sentence in open court.  Tex.
R. App. P. 21.4.  A defendant has the right to counsel during
the time limit for filing a motion for new trial.  Hanson v. State, 11 S.W.3d 285, 288
(Tex. App.CHouston
[14th Dist.] 1999, no pet.).  The
defendant=s
court appointed attorney “shall represent the defendant until charges are
dismissed, the defendant is acquitted, appeals are exhausted, or the attorney
is relieved of his duties by the court or replaced by other counsel after a
finding of good cause is entered on the record.”  Tex.
Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp. 2003); see also
Ward v. State, 740 S.W.2d 794, 796 (Tex. Crim. App. 1987) (“it is
abundantly clear that an appointed attorney=s
legal responsibilities do not magically and automatically terminate at the
conclusion of the trial”).  When the
defendant=s
trial counsel does not withdraw from representation after sentencing and is not
replaced by new counsel, a rebuttable presumption exists that trial counsel
continued to effectively represent the defendant during the time for filing a
motion for new trial.  Smith v. State,
17 S.W.3d 660, 662 (Tex. Crim. App. 2000); Oldham v. State, 977 S.W.2d
354, 363 (Tex. Crim. App. 1998) (op. on reh’g). 
Because there is nothing in the record to suggest that appellant=s counsel withdrew
from representation or that he was replaced with new counsel, we presume that
trial counsel continued to effectively represent appellant during the time for
filing a motion for new trial.  

Appellant points
out that the record shows that (1) he filed a notice of appeal and request for appellate
counsel within seven days of being sentenced; (2) the trial court, by its
notation on the docket sheet and the judgment adjudicating guilt, was aware of
the notice of appeal; and (3) appellate counsel was not appointed until after
the time for filing a motion for new trial had expired.  These facts do not rebut the presumption that
appellant was represented by counsel or that counsel=s representation of
him was effective.  Oldham, 977
S.W.2d at 362B63.  Because there is no indication in the record
that appellant was not advised of the merits of a motion for new trial by his
trial counsel, we assume appellant considered, but rejected this option.  Smith, 17 S.W.3d at 663; Oldham,
977 S.W.2d at 363.  Moreover, the fact
that appellant filed his pro se notice of appeal is evidence that he was
informed of at least some of his appellate rights.  Smith, 17 S.W.3d at 663; Oldham,
977 S.W.2d at 363. 

Appellant has
failed to overcome the presumption that he was represented by counsel during
the period after sentencing.  Therefore,
we overrule his sole issue, decline to abate the appeal, and accordingly,
affirm the judgment of the trial court.  

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered and Opinion filed August 26, 2003.

Panel consists of Chief Justice Brister and Justices
Hudson and Fowler.

Do Not Publish C
Tex. R. App. P. 47.2(b).