Affirmed and Memorandum Opinion filed June 15, 2006









Affirmed
and Memorandum Opinion filed June 15, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00321-CR

____________

 

SAMUEL MEDRANO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 988,006

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Samuel Medrano, was charged
with committing aggravated robbery.  On
December 16, 2004, appellant entered a plea of guilty without an agreed
recommendation.  On February 24, 2005,
after a presentence investigation hearing, the trial court found appellant
guilty, made an affirmative finding of a deadly weapon, and sentenced him to
serve 14 years in the Texas Department of Criminal Justice, Institutional
Division.  








In a single document, appellant=s counsel filed a
notice of appeal on appellant=s behalf and a
motion to withdraw as counsel.  The
record is unclear as to the actual date the notice of appeal and the motion to
withdraw were filed and the date the trial court granted the motion to withdraw.  The file stamp on the notice of appeal and
motion to withdraw reflects that they were filed on March 11, 2005, while a
docket sheet notation shows that the notice of appeal and motion to withdraw
were filed on March 17, 2005.  The trial
court granted the motion to withdraw. 
However, the date on the order granting the motion to withdraw as
counsel shows that it was granted on March 1, 2005, 10 days or 16 days prior to
the date the motion was filed, depending on whether the March 11 file stamp or
the March 17 docket sheet notation reflects the date it was actually
filed.  On March 17, 2005, the trial
court certified appellant=s right to appeal.  

On June 23, 2005, when the reporter=s record had not
been filed because appellant had not paid or made arrangement to pay the
reporter=s fee to prepare
the record, we ordered appellant=s appeal abated
and ordered the trial court to convene a hearing with appellant, his attorney,
if any, and the State=s attorney in attendance, to determine
whether appellant desired to prosecute his appeal and, if so, whether he was
indigent.  On July 7, 2005, the trial
court conducted a hearing via video teleconference, at which only appellant was
present, but no attorneys.  When the
trial court asked whether appellant had an attorney, appellant responded, ANo, sir.  I=ve been without
counsel since my sentencing date.@  The trial court subsequently made a finding
of indigency and appointed counsel to represent appellant in this appeal.  On July 11, 2005, we reinstated appellant=s appeal.  








On August 1, 2005, appellant=s counsel filed in
this court a motion to abate his appeal to allow him to file an out-of-time
motion for new trial to raise matters properly cognizable through a motion for
new trial and for the trial court to conduct a hearing.  On September 15, 2005, we denied appellant=s motion to
abate.  In his sole issue in this appeal,
appellant claims he was denied the assistance of counsel during the time for
preparing and filing a motion for new trial, and seeks a remand of his case to
the trial court in order to file and request a hearing on a motion for new
trial with the assistance of counsel so that he can raise an unspecified claim
for ineffective assistance of counsel and challenge the proportionality of his
sentence.  

To establish a claim for ineffective
assistance of counsel, appellant must first demonstrate his counsel=s performance was
deficient and not reasonably effective and, thereafter, that the deficient
performance prejudiced his defense.  Strickland
v. Washington, 466 U.S. 668, 687B88, 693
(1984).  Any allegation of
ineffectiveness must be firmly founded in the record and the record must
affirmatively demonstrate the alleged ineffectiveness.  McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996), overruled on other grounds by Mosley v. State,
983 S.W.2d 249, 263 (Tex. Crim. App. 1998). 
However, in most cases, the record on direct appeal will not be
sufficiently developed to establish a claim for ineffective assistance of
counsel.  Thompson v. State, 9
S.W.3d 808, 813B14 (Tex. Crim. App. 1999).  It is for this reason that appellant requests
that we remand this case so that he may file an out-of-time motion for new
trial and request a hearing and develop a record for a direct appeal on his
claim of ineffective assistance of counsel. 
Appellant also asserts that because a claim for disproportionate
sentence can be waived if not presented to the trial court at trial or in a
post-trial motion, he could, with the assistance of counsel during this
critical stage, preserve his claim of cruel and unusual punishment for appeal.  See Nicholas v. State, 56 S.W.3d 760,
768 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (holding the
defendant waived complaint of cruel and unusual punishment because he did not
object at the time his sentence was announced or raise his complaint in a
post-trial motion).  








A defendant is entitled to counsel at all
critical stages of the proceedings.  Trevino
v. State, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978).  The period for filing a motion for new trial
is a critical stage of the proceedings.  Hanson
v. State, 11 S.W.3d 285, 288 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d). 
To prevail on a claim of deprivation of counsel during the time to file
a motion for new trial, appellant must rebut the presumption that he was
represented by counsel and that counsel acted effectively.  Oldham v. State, 977 S.W.2d 354, 363
(Tex. Crim. App. 1998).  When a motion
for new trial is not filed in a case, there is a rebuttable presumption that it
was considered by the appellant and rejected. 
Id. 

Appellant claims the record rebuts the
presumption that he had effective assistance of counsel during the period for
filing a motion for new trial.  Appellant
contends that although the record demonstrates that from February 24, 2005
until March 17, he was presumptively represented by counsel, it may have been a
conflict of interest for appointed trial counsel to prepare and file a motion
for new trial alleging her own ineffective assistance.  Appellant further argues that after March 17,
the date upon which the trial court permitted trial counsel to withdraw, the
record conclusively demonstrates he was without counsel until appellate counsel=s appointment, and
lacking representation during even part of the time period for filing a motion
for new trial is an unconstitutional deprivation of the right to counsel.  Finally, appellant asserts his statement to
the trial court at the July 7, 2005 hearing that he had been without counsel
since sentencing supports his claim that he did not have the assistance of
counsel during the period for filing a motion for new trial.  








Appellant, however, does not assert that
his trial counsel did not inform him of the opportunity and grounds for filing
a motion for new trial.  See Oldham,
977 S.W.2d at 361 (observing that the appellant did not assert that she was not
informed by trial counsel of the opportunity and grounds for filing a motion
for new trial).  Moreover, we find
nothing in the record indicating that appellant=s attorney did not
discuss the merits of a motion for new trial with him, which he decided to
reject.  See id. at 363 (observing
there was nothing in the record to suggest the appellant=s attorney did not
discuss the merits of a motion for new trial with the appellant, which she
rejected).  Nor is there anything in the
record to suggest that given the opportunity to do so, appellant would have
filed a motion for new trial during the time period for doing so.  The fact that a notice of appeal was filed on
appellant=s behalf suggests that he was aware of
some of his appellate rights.  Cf. id.
(stating that fact that the appellant filed a pro se notice of appeal was an
indication that she was aware of some of her appellate rights).  Without some contrary indication, we presume
appellant was adequately counseled on his right to file a motion for new
trial.  Appellant=s issue is
overruled.  

Accordingly, the judgment of the trial
court is affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed June 15, 2006.

Panel
consists of Justices Hudson, Fowler, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).