Dismissed and Memorandum Opinion filed June 21, 2007








Dismissed and Memorandum Opinion filed June 21, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00523-CR

____________

 

RHONDA VNICE PARKER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 934628

 



 

M E M O R A N D U M    O P I N I O N








Appellant, Rhonda Vnice Parker, pleaded guilty to the
lesser-included offense of possession of codeine in exchange for four years= deferred
adjudication community supervision.  After she violated the conditions of her probation,
appellant was found guilty and sentenced to three years= confinement and
assessed a $400 fine.  In three points of error, appellant argues that the
trial court committed reversible error because  (1) her deferred adjudication
was invalid without a sworn motion for community supervision, (2) her guilty
plea was involuntary because she did not file a sworn affidavit of her guilty
plea and the record lacks a waiver of her right to a jury trial, and (3) she
did not receive a free copy of the reporter=s record.  Because
appellant=s complaints are untimely, we dismiss the appeal for
want of jurisdiction.

In a bench trial in 2002, appellant pleaded guilty to
possession of codeine in exchange for deferred adjudication.  At that time,
appellant did not appeal any of the errors which she claims occurred in the
original plea proceeding including the points of error she raises in this
appeal: the validity of the sworn motion for community supervision, the
voluntariness of her plea, and any deficiencies in the affidavit or the lack of
a waiver.  Instead, appellant brings this appeal nearly four years later,
waiting until her community supervision had been revoked and her adjudication
of guilt formally made.








A defendant placed under deferred adjudication community
supervision may raise issues relating to the original plea proceeding only in
appeals taken when deferred adjudication is imposed and not after guilt is
adjudicated.  Vidaurri v. State, 49 S.W.3d 880, 884 (Tex. Crim. App.
2001).  It was not the Legislature=s intent in
enacting Article 44.01(j) of the Texas Code of Criminal Procedure to permit two
reviews of the legality of the deferred adjudication order: one when deferred
adjudication is first imposed, and another when and if it is later revoked.[1] 
Manuel v. State, 994 S.W.2d 658, 662 (Tex. Crim. App. 1999).  The rule
articulated in Manuel, permitting only one review of a deferred adjudication
order, also applies to complaints that a guilty plea was involuntary.  See
Hanson v. State, 11 S.W.3d 285, 288 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d) (holding that appellant could have
appealed the order placing him on deferred adjudication and could have raised
the voluntariness of his plea following his original plea hearing but not three
years later when his community supervision was revoked).[2]

Based on the holdings in Manuel and Hanson,
appellant=s failure to object at the time of her original
proceedings precludes us from now hearing the merits of her complaints.  Thus,
we are without jurisdiction to consider points of error one and two.

In her third point of error, appellant contends she was
denied her right, based on indigence, to a free reporter=s record. When
appellant filed her notice of appeal, she requested a free record be provided. 
The trial court found appellant indigent for purposes of preparation of the
clerk=s record and
reporter=s record. 
Therefore, appellant should have been provided a free record.  The trial court
failed to order the court reporter to prepare the reporter=s record without
cost to appellant.

After we were informed appellant had not made arrangements
for payment for the reporter=s record, the clerk of this court notified
appellant we would consider and decide those issues that do not require a
reporter=s record unless
appellant, within 15 days of notice, provided this court with proof of payment
for the record.  See Tex. R. App.
P. 37.3(c).  Appellant filed no reply.  Accordingly, on October 19,
2006, we ordered appellant=s retained counsel to file a brief in this
appeal without benefit of a reporter=s record.  Counsel
filed a brief in which appellant complained she was wrongly denied the
preparation of a reporter=s record without cost.  








On January 5, 2007, the State filed a motion to grant the court
reporter additional time to file the record in this appeal.  In granting the
motion, we ordered the record to be filed on or before February 28, 2007, and
stated the appeal would then proceed as if the failure to act had not occurred.
 Tex. R. App. P. 44.4.  Appellant
was informed she could file a supplemental brief to address issues from the
hearing within 30 days after the reporter=s record was
filed.[3] 
Tex. R. App. P. 38.7.  The clerk=s and reporter=s records have
beent filed; appellant failed to file a supplemental brief; and appellant=s third issue is
moot.

Accordingly, we dismiss the appeal for lack of
jurisdiction. 

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed June 21, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Article 44.01(j) reads, in relevant part, that A[t]he defendant's right to appeal under Article 44.02
may be prosecuted by the defendant where the punishment assessed is in
accordance with Subsection (a), Section 3d, Article 42.12 of this code, as well
as any other punishment assessed in compliance with Article 44.02 of this code.@   See Dillehey v. State, 815 S.W.2d 623, 624
n.1 (Tex. Crim. App. 1991) (Article 44.01(j), although literally referring to
Article 42.12, ' 3d (a), actually refers to Article 42.12, ' 5 (a)).  Article 44.02 provides, in relevant part,
that A[a] defendant in any criminal action has the right to
appeal under the rules hereinafter prescribed . . .@

 





[2]  Additionally, complaints must be made to the trial
court by a timely request, objection, or motion.  Tex. R. App. P. 33.1(a).





[3]  The reporter=s
record was filed January 11, 2007.