# NO. 12-08-00203-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EDWIN ROY BYRD,*<br>*APPELLANT* | *§* | *APPEAL FROM THE SEVENTH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Edwin Roy Byrd appeals his conviction for assault family violence.  In one issue, Appellant argues that the trial court lacked jurisdiction to find him guilty of a felony offense and that the stipulation of evidence was not sufficient to support the conviction. We affirm in part and dismiss for want of jurisdiction in part.

### BACKGROUND

Appellant was charged by information with assault family violence.[1]  The information included a jurisdictional paragraph alleging that Appellant had previously been convicted of "assault causes bodily injury" in 1998.  As such, the information charged Appellant with a third degree felony.[2]  On January 31, 2006, the State amended the information to reflect that Appellant

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2008).

[2] An offense under section 22.01(a)(1) is a Class A misdemeanor, except that the offense is a third degree felony if (1) the offense is committed against a person who was a member of the defendant's family or household or with whom he had a dating relationship, and (2) it is shown on the trial of the offense that defendant has been

"intentionally, knowingly, [or] recklessly, cause[d] bodily injury to Gloria Horn, a member of the [Appellant's] family or household [or] a dating relationship." On that same date, Appellant pleaded guilty to the offense charged in the information, and pleaded "true" to the prior "assault causes bodily injury" jurisdictional paragraph. Appellant and his counsel signed an acknowledgment of admonishments, waivers of various rights, and a stipulation of evidence in which Appellant swore that the stipulation constituted the evidence in the case.[3]

The trial court accepted Appellant's plea, adjudged him guilty of the offense charged in the information, and assessed his punishment at ten years of imprisonment.[4] However, the trial court probated Appellant's sentence and placed him on community supervision for five years. On February 27, 2008, the State filed an application to revoke Appellant's community supervision, alleging that he had violated the conditions of his community supervision. A hearing on the application to revoke was held on May 2. At the hearing, Appellant's counsel challenged the trial court's subject matter jurisdiction, arguing that the information charged a misdemeanor offense, not a felony. More particularly, Appellant argued that the jurisdictional paragraph alleges that he was previously convicted of the offense of "assault causes bodily injury," but does not allege that the prior offense was an assault family violence conviction, which was necessary for him to be charged with a felony offense. The trial court denied Appellant's challenge, stating that it was untimely and, thus, waived.

Appellant pleaded "true" to the first paragraph of the application, that he was the person previously placed on probation, and "not true" to the allegations in the remaining paragraphs. At the conclusion of the hearing, the trial court found that Appellant violated the terms of his community supervision and granted the State's application for revocation of community supervision. The trial

---

previously convicted of an offense under penal code Chapter 22 against a person who is a member of the defendant's family or household or with whom he had a dating relationship. TEX. PENAL CODE ANN. § 22.01(b)(2) (Vernon Supp. 2008); TEX. FAM. CODE ANN. §§ 71.021(b), 71.003, 71.005 (Vernon 2008).

[3] Although the stipulation stated that Gloria Horn was a member of Appellant's family or household, the allegation that she and Appellant were in a dating relationship was crossed out.

[4] An individual adjudged guilty of a third degree felony shall be punished by imprisonment for any term of not more than ten years or less than two years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (Vernon 2003).

court revoked Appellant's community supervision and assessed his punishment at eight years of imprisonment and a $1,000 fine. This appeal followed.

JURISDICTION

As part of his sole issue on appeal, Appellant argues that the trial court lacked jurisdiction to find him guilty of a felony offense, place him on felony probation, revoke his community supervision, or sentence him to imprisonment. More specifically, Appellant contends that the information alleged a misdemeanor offense because the jurisdictional paragraph did not include a finding that he had a previous family violence conviction. Thus, he argues, the district court lacked original jurisdiction and the judgment is void.

The State contends that Appellant waived his objection to the information according to article 1.14 of the Texas Code of Criminal Procedure. Article 1.14(b) provides that if the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 2005).

Two recent cases by the court of criminal appeals address article 1.14(b), a defective charging instrument, and subject matter jurisdiction. In the first case, the defendant was charged by indictment with hindering apprehension. *See Teal v. State*, 230 S.W.3d 172, 174 (Tex. Crim. App. 2007). After the jury was empaneled, the defendant objected to the indictment, arguing that the district court did not have jurisdiction because the indictment alleged only a misdemeanor, not a felony. *Id.* The trial court overruled the defendant's objection. *Id.* The court of appeals sua sponte determined that the charging instrument did not charge an offense that fell within the district court's jurisdiction and concluded that the district court should have transferred the indictment to a county court with misdemeanor jurisdiction. *Id.* The court of criminal appeals disagreed. *Id.* at 182. The court pointed out that, in 1985, the citizens of Texas and the legislature rejected the hypertechnical case law governing defects of form and substance in an indictment. *Id.* at 175-76. As part of the same reform package, the legislature amended several provisions of the code of criminal procedure to ensure that indictment defects could be objected to and repaired pretrial, but that these defects would

3

not invalidate an otherwise valid conviction if not raised before trial. *Id.* at 176. Article 1.14(b) was added as part of these provisions. *Id.* The court stated that the legislature's purpose in amending the statutes was to change the focus from "whether a defect is fundamental [i.e. a defect of substance or not]" to "whether the defendant brought the defect to the court's attention." *Id.* at 177 (quoting Brian A. Kilpatrick, *The Constitutional Right to Indictment by a Grand Jury: Does It Survive after Studer v. State and the 1985 Constitutional and Statutory Amendments?*, 44 BAYLOR L. REV. 345, 350 (1992)). In other words, "indictments charging a person with committing an offense, once presented, invoke the jurisdiction of the trial court and jurisdiction is no longer contingent on whether the indictment contains defects of form or substance." *Id.* Therefore, the court stated, Texas law now requires the defendant to object to any error in the indictment before the day of trial. *Id.*

However, the offense charged in the indictment or information must be one for which the trial court has jurisdiction. *Id.* at 181. The court stated that the "complete test for the constitutional sufficiency of a particular charging instrument" should be "[c]an the district court and the defendant determine, from the face of the indictment, that the indictment intends to charge a felony or other offense from which a district court has jurisdiction?" *Id.* In other words, the indictment, despite whatever substantive defects it contains, must be capable of being construed as intending to charge a felony. *Id.* The court of criminal appeals concluded the indictment was defective because it omitted one of the two elements that raised hindering apprehension from a misdemeanor to a felony. *Id.* at 182. Nevertheless, the court held that the indictment was sufficient to vest jurisdiction because it charged an offense and "one could fairly conclude from the face of the charging instrument that the State intended to charge a felony offense." *Id.* The court pointed out that, "if [the defendant] was confused about whether the State did or intended to charge him with a felony, he could have and should have objected to the defective indictment before the date of trial." *Id.* The court also emphasized that the defendant's failure "to make a timely objection before the date of trial was exactly the type of action that the citizens of Texas summarily rejected in voting for the 1985 constitutional amendment and the Texas Legislature prohibited in enacting the 1985 enabling statutes." *Id.* Accordingly, the court found that the defendant forfeited the right to object to indictment defects after the jury was empaneled. *Id.*

4

In a more recent case, the court of criminal appeals applied ***Teal*** and reached a similar result. In ***Kirkpatrick v. State***, the defendant was charged by two indictments with four counts of tampering with a governmental record, a felony. ***Kirkpatrick v. State***, Nos. PD-0873-07, PD-0874-07, 2008 WL 5234248 at *1-2 (Tex. Crim. App. Dec. 17, 2008). On appeal, the appellant argued that the trial court lacked jurisdiction because she had been indicted for a misdemeanor. ***Id.***, at *1. The court of appeals agreed, stating that the indictments failed to satisfy the constitutional requirement of subject matter jurisdiction and did not vest the district court with jurisdiction. ***Id.*** The court of criminal appeals stated that, in ***Teal***, it recognized that Texas law now requires the defendant to object to errors in the form or substance of an indictment before the day of trial. ***Id.***, at *4. Further, the court pointed out that the critical determination is "whether the trial court (and reviewing appellate courts) and the defendant can identify what penal-code provision is alleged and whether that penal-code provision is one that vests jurisdiction in the trial court." ***Id.*** Consequently, the court stated, courts must now look to the indictment as a whole, not just to its specific formal requisites. ***Id.*** Although the indictment properly charged a misdemeanor and lacked an element necessary to charge a felony, the court found that the felony offense existed, and that the indictment's return in a felony court put the defendant on notice that the State intended to charge him with a felony offense. ***Id.***, at *5. The court determined that the defendant had adequate notice that she was being charged with a felony and, as in ***Teal***, stated that if she was confused about "whether the State did, or intended to, charge her with a felony, she could have, and should have, objected to the defective indictment before the date of trial." ***Id.***

Here, although the information charges Appellant with a misdemeanor and lacks an element necessary to charge a felony, the felony offense exists and the information's return in a felony court put Appellant on notice that the State intended to charge him with a felony offense. *See id.* The face of the information noted that the offense charged was "ASSAULT FAMILY VIOLENCE F3." This notation should have indicated to Appellant that the State intended to charge a felony offense and that the district court had subject matter jurisdiction. *See id.* Therefore, Appellant had adequate notice that he was charged with a felony and, if he was confused about whether the State did, or intended to, charge him with a felony, he could have, and should have, objected to the defective information before the date of trial. *See id.*; TEX. CODE CRIM. PROC. ANN. art. 1.14(b). Because

5

Appellant failed to timely object to this defect, error, or irregularity of substance in the information, he has waived this issue. Accordingly, we overrule that part of Appellant's issue relating to the jurisdiction of the trial court.

<u>STIPULATION</u>

As part of his sole issue on appeal, Appellant argues that the stipulation of evidence is insufficient to support his conviction. The State disagrees, contending that because the judgment is not void due to a complete lack of evidence, it cannot be subject to collateral attack. Generally, a defendant placed on "regular" community supervision may raise issues relating to the original plea proceeding only in appeals taken when community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The two exceptions to this rule are (1) the "void judgment" exception, and (2) the "habeas corpus" exception. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Because Appellant did not file a petition for a writ of habeas corpus, we do not consider this exception.

A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, and therefore the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived. *Id.* at 668. Thus, a judgment is void only in very rare situations. *Id.*[5]

Here, Appellant raises an issue relating to his original plea proceeding–that the stipulation of evidence is insufficient to support his conviction. Because he raised this issue after his "regular" community supervision was revoked, we may address it only if the judgment of conviction was "void." *See Nix*, 65 S.W.3d at 667; *Manuel*, 994 S.W.2d at 661-62; *Few v. State*, 136 S.W.3d 707, 711 (Tex. App.–El Paso 2004, no pet.). However, for the judgment to be "void," the record must

---

[5] While the court of criminal appeals hesitated to call this an exclusive list, it described it as "very nearly so." *Nix*, 65 S.W.3d at 668.

show a complete lack of evidence to support the conviction, not merely insufficient evidence. *See Nix*, 65 S.W.3d at 668 n.14. A guilty plea constitutes some evidence for this purpose. *See id.* Appellant pleaded "guilty" to the charge. Therefore, his conviction is supported by *some* evidence and is not void. *See id.* Appellant could have appealed from the order placing him on community supervision and could have raised the sufficiency of the stipulation of evidence following his original plea hearing. *See Hanson v. State*, 11 S.W.3d 285, 288 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd). He failed to do so, and we are precluded from addressing his complaint now. *See id.* Accordingly, we are without jurisdiction to consider that part of Appellant's issue relating to the insufficiency of the stipulation of evidence.

### DISPOSITION

Because this court is without jurisdiction to consider that part of Appellant's issue relating to the insufficiency of the stipulation of evidence, we ***dismiss*** that part of the appeal for want of jurisdiction. Having overruled the portion of Appellant's issue relating to the trial court's jurisdiction, we ***affirm*** the judgment of the trial court.

SAM GRIFFITH
Justice

Opinion delivered February 11, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)