**Arthur Himell ROZELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–02–01040–CR, 01–02–01041–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 11, 2004.

counsel, and the retained counsel filed a response.

Allen C. Isbell, R. Scott Shearer, R. Scott Shearer, Houston, TX, Arthur Himell Rozell, Rosharon, TX, for Appellant.

William J. Delmore, III, Chief Prosecutor, Appellate Division, Alan Curry, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and HANKS.

## OPINION ON REHEARING

GEORGE C. HANKS, JR., Justice.

We vacate our judgment of November 26, 2003, withdraw our previous opinion, and issue the following one in its stead.

A jury found appellant, Arthur Himell Rozell, guilty of two separate offenses of aggravated sexual assault of a child [1] and assessed his punishment at confinement for 15 years in each case. In his sole point of error, appellant argues that the trial court erred in failing to grant a hearing on his motion for new trial. We affirm.

### *Anders* Brief

Appellant's appointed counsel on appeal filed a brief stating that, in his opinion, the appeal was frivolous. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record and stating why no arguable grounds for error on appeal exist. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex.Crim.App.1969). Appellant hired

1. Trial court cause nos. 894614 and 894615.

### Background

Appellant filed a motion for new trial asserting ineffective assistance of counsel, newly discovered evidence, and legal and factual insufficiency. The motion was supported by sworn affidavits. The motion was timely filed and presented to the trial court. The motion itself makes no request for a hearing. Appellant attached two proposed orders to his motion. The first, entitled, "Order—Time to Present," recited:

On this day the Court was presented with the Defendant's Motion for New Trial. After being presented with this motion in accordance with Rule 31(c)(1) Tex.R.App. P., [sic] the Court is of the opinion that the motion should be:

_____SET for hearing within ten days of filing

Hearing date set for the_____day of _____, 2002.

_____SET for hearing within [75] days of the date sentence was imposed.

Hearing date set for the_____day of _____, 2002.

_____GRANTED without a hearing.

_____OVERRULED without a hearing.

SIGNED AND ENTERED on this the____day of ____, 2002.

_____

JUDGE PRESIDING

The second order, entitled, "Order—Determination," recited:

On this day came to be heard the Defendant's Motion for New Trial. After considering the testimony and evidence presented, the Court is of the opinion that the motion should be:

_____DENIED

_____GRANTED and IT IS THEREFORE ORDERED that a new trial be had in this cause.

SIGNED AND ENTERED on this the_____day of _____, 2002.

_____

JUDGE PRESIDING

The trial court did not rule on the motion for new trial, but wrote "Presented, 11–7–02" and signed the first order. The trial court did not make any notations on the second order. Neither order was executed by the trial court, no hearing was held, and the motion for new trial was overruled by operation of law.

**Motion for New Trial Hearing**

■■■ We review a trial court's decision not to hold a hearing on a motion for new trial under the abuse of discretion standard. *See Jordan v. State,* 883 S.W.2d 664, 665 (Tex.Crim.App.1994). A defendant has a right to a hearing on a motion for new trial when the motion raises matters that cannot be determined from the record. *Butler v. State,* 6 S.W.3d 636, 642 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). If a defendant's motion for new trial and supporting affidavit are sufficient to raise a matter not determinable from the record, a hearing on the motion is mandatory. *Id.* A defendant need not establish a prima facie case for a cognizable ground raised in a motion for new trial; he must assert only reasonable grounds for relief that cannot be determined from the record in order to be entitled to an evidentiary hearing. *Torres v. State,* 4 S.W.3d 295, 296 (Tex.App.-Houston [1st Dist.] 1999) (order). The purpose of the hearing is for a defendant to fully develop the issues raised in a motion for new trial. *Id.*

■■■ The right to a hearing on a motion for new trial is not absolute. *Reyes v. State,* 849 S.W.2d 812, 815 (Tex.Crim.App. 1993). A trial court is not required to convene a hearing on a motion for new trial absent a request by the movant for such a hearing. *Gallegos v. State,* 76 S.W.3d 224, 228 (Tex.App.-Dallas 2002, pet. ref'd); *Edwards v. State,* 37 S.W.3d 511, 515 (Tex.App.-Texarkana 2001, pet. ref'd).

■■■ Appellant argues that, solely because the motion was presented, it was error not to hold a hearing on the motion. We disagree. Here, although the motion was presented, the record does not establish that appellant requested or even desired a hearing prior to this appeal. The record establishes that, in appellant's motion for new trial, no request for a hearing was made. Further, appellant's attached orders do not establish that he requested a hearing. The first order provided four options; the first two provided for setting a hearing, the third for granting the motion without a hearing, and the last, for overruling the motion without a hearing. However, there is no indication regarding which option appellant wanted or was requesting, and the trial court did not choose an option. The second order provided two options to either deny or grant the motion for new trial. Accordingly, the evidence in this case is insufficient to show that appellant requested a hearing; thus, appellant failed to preserve error on appeal. *See* Tex.R.App. P. 33.1(a). Because appellant did not request a hearing, the trial court could not have abused its discretion in failing to hold one. *Cf. Reyes v. State,* 82 S.W.3d 351, 354 (Tex.App.-Houston [1st Dist.] 2001), *remanded on other grounds,* No. 01–00–01262–CR, 2002 WL 1041170,

(Tex.App.-Houston [1st Dist.] May 23, 2002, pet. ref'd) (holding that, where motion was presented and attached order provided the sole choice of granting a hearing, trial court abused its discretion by not conducting a hearing).

We overrule appellant's sole point of error.

## Conclusion

We affirm the judgment.