Jason Eric GUIDRY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–03–00171–CR, 01–03–00172–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 18, 2004.

Mark A. Rubal, Houston, TX, for Appellant.

Dan McCrory, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, ALCALA, and HANKS.

## ORDER OF ABATEMENT

ELSA ALCALA, Justice.

Appellant, Jason Eric Guidry, was charged by separate indictments with two offenses of aggravated robbery. Appellant pleaded guilty without an agreed recommendation from the State and the trial court assessed punishment at 30 years' confinement. In a motion for new trial, appellant alleged that his trial counsel was ineffective by failing to timely communicate to the State that appellant had accepted the State's plea bargain offer. The trial court denied the motion without conducting a hearing. In his sole issue on appeal, appellant contends that the trial court abused its discretion by not holding a hearing on his motion for new trial.

We abate these appeals for 90 days and remand the causes for the trial court to conduct a hearing on appellant's motion for new trial.

## Hearing on Motion for New Trial

■ An appellate court reviews the trial court's decision to deny a hearing to a defendant on his motion for new trial for abuse of discretion. *Wallace v. State*, 106 S.W.3d 103, 106 (Tex.Crim.App.2003). When an accused presents a motion for new trial raising matters, not determinable from the record, that could entitle him to relief, the trial court abuses its discretion by failing to hold a hearing. *Wallace*, 106 S.W.3d at 108; *King v. State*, 29 S.W.3d 556, 569 (Tex.Crim.App.2000).

■ To be sufficient to entitle the defendant to a hearing, the motion for new trial and accompanying affidavit need not establish a prima facie case for a new trial. *Wallace*, 106 S.W.3d at 108. These documents need merely reflect that reasonable grounds exist for holding that a new trial could be granted. *Id.* (citing *Martinez v. State*, 74 S.W.3d 19, 22 (Tex.Crim.App. 2002)). As a prerequisite to obtaining a hearing, the motion must be supported by an affidavit that specifically demonstrates the truth of the grounds for attack. *Wallace*, 106 S.W.3d at 108; *Martinez*, 74 S.W.3d at 21. The affidavit need not reflect each and every component legally required to establish relief, but rather must merely reflect that reasonable grounds exist for holding that relief could be granted. *Martinez*, 74 S.W.3d at 22. The purpose of the hearing is to develop fully the issues raised in the motion. *Id.* at 21.

Appellant filed a motion for new trial with an accompanying affidavit alleging ineffective assistance of counsel based on trial counsel's failure to communicate timely to the State that appellant had accepted the State's plea bargain punishment offer. Appellant requested a hearing on his motion. Appellant contended in his motion for new trial that trial counsel's "failure to communicate with the State resulted in a substantially greater punishment than what the State proposed." The trial court denied appellant's motion for new trial without conducting an evidentiary hearing.

■ A defense counsel's failure to inform the defendant of a plea offer can constitute ineffective assistance of counsel and warrant reinstatement of the plea offer. *Id.* at 22 (citing *Ex Parte Lemke*, 13 S.W.3d 791 (Tex.Crim.App.2000)). This is the claim that appellant makes in his motion for new trial and that his affidavit supports. *See Martinez*, 74 S.W.3d at 22. The particulars of precisely when the plea offer was conveyed to defense counsel and the time it remained available for acceptance are among the factual matters that should be fully developed at the hearing. *See id.*

We conclude that appellant's affidavit was sufficient to put the trial court on notice that reasonable grounds existed to believe that trial counsel's representation may have been ineffective. *See id.* Therefore, the trial court abused its discretion in failing to conduct a hearing on appellant's motion for new trial. *See id.* Accordingly, we abate this appeal for 90 days and remand the cause to the trial court to conduct a hearing on appellant's motion for new trial.[1] We direct that the reporter's record of the hearing on the motion for new trial and the supplemental clerk's record be certified and sent to our Clerk for filing in this proceeding. *See Torres v. State,* 4 S.W.3d 295, 298 (Tex. App.-Houston [1st Dist.] 1999, no pet.). The reporter's record and supplemental clerk's record shall be sent to this Court no later than 90 days from the date of this order.

These appeals are abated, treated as closed cases, and removed from this Court's active docket. These appeals will be reinstated on this court's active docket when the reporter's record and supplemental clerk's record are filed in this Court.

It is so **ORDERED.**

---

1. Abatement is proper in an appropriate case. *See* Tex.R.App. P. 43.6 (providing that "court of appeals may make any other appropriate order that the law and the nature of the case require"); Tex.R.App. P. 44.4 (providing that if trial court's error or failure to act prevents proper presentation of case on appeal and trial court can correct its error or failure to act, court of appeals "must not affirm or reverse," but "must direct the trial court to correct the error"); *Jack v. State,* 42 S.W.3d 291, 294 (Tex.App.-Houston [1st Dist.] 2001) (order) (noting that "[w]hether abatement is appropriate will depend, of course, on the facts of each case"), opinion after remand, 64 S.W.3d 694 (Tex.App.-Houston [1st Dist.] 2002, pet. granted) (order).