IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-566-04 & PD-567-04






ARTHUR HIMEL ROZELL, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Price, J., delivered the opinion for a unanimous Court.


O P I N I O N 




 The appellant was convicted of two separate counts of aggravated sexual assault of
a child, and the jury assessed punishment at 15 years' confinement on each count. He
filed a motion for new trial, but did not specifically request a hearing on the motion. The
motion was overruled by operation of law. On direct appeal the appellant complained
that the trial court did not, but should have, held a hearing on his motion. The court of
appeals affirmed, holding that the appellant was not entitled to a hearing in the absence of
a request for one. We granted review to determine whether the court of appeals erred. 
We affirm the judgment of the court of appeals because the appellant's motion for new
trial did not put the trial court on notice that he was requesting a hearing.

I. Facts and Procedural History


 After being convicted and sentenced for two counts of aggravated sexual assault of
a child, the appellant filed a motion for a new trial in which he claimed that (1) he had
newly discovered evidence, (2) trial counsel provided ineffective assistance, and (3) the
evidence at trial was both legally and factually insufficient to support the jury's verdict. 
The motion was timely filed and supported by sworn affidavits. 

 The motion contains no request for a hearing. Two orders were attached to the
motion. The first, labeled "Order-Time to Present," gave the trial court the option to set a
hearing within ten days of filing, set a hearing within 75 days of filing, grant the motion
without a hearing, or deny the motion without a hearing. A second order, labeled "Order
- Determination," gave the trial court the option to deny or grant the motion for new trial.

 The trial court made a notation on the first order, "Presented, 11-7-02." The trial
court did not hold a hearing on the motion for new trial, and the motion was overruled by
operation of law. (1) 

 On direct appeal, the appellant argued that, because the motion was presented, the
trial court erred by not holding a hearing on the motion. The court of appeals affirmed
the conviction and sentence, holding that the trial court could not abuse its discretion in
denying him a hearing on his motion for new trial because the appellant never requested a
hearing. (2) 

II. Parties' Arguments 


 In his petition and brief on discretionary review, the appellant argues that his
motion was timely filed and presented to the trial court, was supported by affidavits, and
raised matters that were not determinable from the record. He claims that all of the
procedural requirements were met and that a hearing on the motion was mandatory. He
believes that the court of appeals erred by creating a new requirement to obtain a hearing
on a motion for new trial.

 The State argues that the appellant did not request a hearing, and therefore, he
cannot complain now that the trial court did not hold one. The State also claims that the
affidavits attached to the appellant's motion did not show reasonable grounds that he was
entitled to relief. (3)

III. Law and Analysis


 The right to a hearing on a motion for new trial is not absolute. (4) Generally, a trial
court should hold a hearing if the motion and attached affidavit raise matters that are not
determinable from the record that could entitle the accused to relief. (5) In addition to
timely filing the motion with supporting affidavits that demonstrate reasonable grounds
for believing that some error has occurred, (6) the defendant must present the motion to the
trial court. (7)

 We have held that to present a motion in the context of a motion for new trial, the
defendant must give the trial court actual notice that he timely filed a motion for new trial
and requests a hearing on the motion for new trial. In Carranza v. State, we specifically
addressed what it means to present a motion for new trial to the trial court. We quoted
with approval language from Judge Overstreet's concurring opinion in the case that
presentment includes actual notice of the desire to have a hearing. (8)

 The rationale for this requirement is the same as that which supports preservation
of error generally: A trial court should not be reversed on a matter that was not brought
to the trial court's attention. (9) Presenting the motion, along with a request for a hearing, is
required to let the court know that the defendant wants the trial court to act on the motion
and whether the defendant would like a hearing on the motion.

 Presenting the motion for new trial and the request for a hearing is akin to
objecting to the erroneous admission of evidence. Absent a proper objection that alerts
the trial court to the erroneous admission, the error has not been preserved for appellate
review. (10) Thus, a reviewing court does not reach the question of whether a trial court
abused its discretion in failing to hold a hearing if no request for a hearing was presented
to it.

 On the record before us in this case, we cannot conclude that the appellant's desire
for a hearing was brought to the attention of the trial court. Nowhere in the motion did
the appellant request a hearing. The order attached to the motion, labeled "Order - Time
to Present," included the options of having a hearing or ruling on the motion without a
hearing, which, without a more specific request, left to the trial court's discretion whether
a hearing should be held. We hold that, in this case, the appellant did not adequately
advise the trial court of his desire to have a hearing.

IV. Conclusion


 The record does not support the conclusion that the appellant presented a motion
with a request for a hearing. Therefore, we hold that the error in failing to hold a hearing,
if any, was not preserved for review. We affirm the judgment of the court of appeals.


Delivered: November 2, 2005.

Publish.

1. See Tex. R. App. P. 21.8(c)
2. Rozell v. State, 137 S.W.3d 106,108 (Tex. App.-Houston [1st Dist.] 2004).
3. Because we conclude that the appellant did not request a hearing, we need not address
the State's contention that the affidavits did not specifically show the truth of the grounds for
new trial.
4. Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993).
5. Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). 
6. Reyes, 849 S.W.2d at 816.
7. Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998).
8. Ibid. (quoting with approval language from Judge Overstreet's concurring opinion in the
case); Id. at 81 (Overstreet, J., concurring).
9. Id. at 78.
10. Tex. R. App. P. 33.1.