Affirmed and Memorandum Opinion filed March 6, 2008








Affirmed and Memorandum Opinion filed March 6, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01155-CR

NO. 14-06-01156-CR

____________

 

JATERELL KELON FISHER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause Nos. 1047978
and 1050399

 



 

M E M O R A N D U M   O P I N I O N

Appellant,
Jaterell Kelon Fisher, appeals his convictions for theft and aggravated assault
with a deadly weapon.  After appellant pleaded guilty to both charges, the
trial court placed him on deferred adjudication for five years.  The State
subsequently filed motions to adjudicate guilt, and the trial court found the
violations true.  Appellant was found guilty of both offenses by the trial
court and sentenced to one year=s confinement for the theft conviction and twelve years= confinement for the aggravated
assault conviction.  We affirm. 








BACKGROUND

Appellant
was originally charged in two separate indictments with theft and aggravated
assault with a deadly weapon.  On June 21, 2006, appellant pleaded guilty to
both offenses and was placed on deferred adjudication for five years.  On
October 26, 2006, the State filed motions to adjudicate appellant=s guilt, citing several instances
where appellant failed to abide by conditions of his community supervision. 
Specifically, the State alleged that appellant failed to: (1) obtain
employment; (2) attend anger management classes; (3) complete community service
hours; (4) obtain a GED; and (5) pay restitution, supervision fees, court
costs, and other related fees.  The State further alleged that appellant
violated a condition of his community supervision by committing a new criminal
assault offense. 

At the
hearing on the State=s motions to adjudicate, Jamie Hernandez, appellant=s community supervision officer,
testified that appellant failed to fulfill the conditions of his probation. 
Hernandez testified that appellant assaulted his girlfriend, LaTonya Colvin,
and failed to (1) pay his fines, court costs, and fees, (2) find suitable
employment, (3) perform community supervision, (4) complete an anger management
program, and (5) obtain his GED.  While Colvin testified that appellant struck
her eye and lip, bruising her, appellant testified that his acts were
accidental.  Appellant testified that he was physically disabled and,
therefore, could not work, perform community service, or continue with anger
management classes.  Appellant further testified that he was unable to obtain
his GED due to his low IQ score.  

The
trial court found the violations as alleged in the State=s motions to adjudicate true and
sentenced appellant to one year=s confinement for the theft charge and twelve years= confinement for the aggravated
assault charge.  The trial court ordered the sentences to run concurrently. 
Thereafter, appellant filed a handwritten motion to withdraw his guilty plea. 
He cited prosecutorial misconduct and that his original plea of guilty was not
intelligent and voluntary.  Appellant=s motion was denied.








On
appeal, appellant raises the following three issues: (1) the trial court abused
its discretion by finding appellant guilty because the evidence was not
sufficient to prove that appellant intentionally caused injury to Colvin; (2)
the trial court abused its discretion by failing to conduct a hearing on
appellant=s motion to withdraw his guilty plea; and (3) appellant was denied
effective assistance of counsel during the time to file a motion for new
trial.  

ADJUDICATION
OF APPELLANT=S GUILT

Appellant
first argues that the trial court abused its discretion by finding him guilty. 
Specifically, he argues insufficiency of the evidence to prove that he
intentionally assaulted Colvin.  It is well settled that no appeal may be taken
in a deferred adjudication case where the trial court adjudicates guilt based
on violations of community supervision.   Tex. Code Crim. P. Ann. art. 42.12 ' 5(b) (Vernon 2006); Act of May 2,
1975, 64th Leg., R.S., ch. 231, ' 1, sec. 3d(b),1975 Tex. Gen. Laws
572, 573 (amended 2007) (current version at  Tex. Code Crim. P. Ann. art. 42.12
' 5(b) (Vernon Supp. 2007); Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); see also Leal v. State,
962 S.W.2d 652, 653 (Tex. App.CCorpus Christi 1998, no pet.) (holding that an appeal raising
sufficiency of the evidence to revoke a community supervision is nonreviewable
under article 42.12).[1]  Here,
appellant seeks review of the trial court=s decision to adjudicate his guilt
based on probation violations, including the new assault charge.  The trial
court=s decision to proceed with
adjudicating guilt based on these violations is one of absolute, nonreviewable
discretion.  See Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App.
1999); Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App.
1979).  Accordingly, we have no jurisdiction to review appellant=s first issue.








HEARING ON
MOTION TO WITHDRAW GUILTY PLEA      

In
appellant=s second issue, he argues that the trial court abused its discretion by
failing to conduct a hearing on his motion to withdraw his guilty plea.[2] 
Appellant argues that the motion to withdraw his guilty plea is analogous to a
motion for new trial.  See State v. Evans, 843 S.W.2d 576, 577-78 (Tex.
Crim. App. 1992).  

We
review a trial court=s decision not to hold a hearing on a motion for new trial
under an abuse of discretion standard.  See Jordan v. State, 883 S.W.2d
664, 665 (Tex. Crim. App. 1994).  The trial court abuses its discretion if the
motion raised reasonable grounds for relief that could not be determined from
the record.  Id.; Buerger v. State, 60 S.W.3d 358, 361-62 (Tex.
App.CHouston [14th Dist.] 2001, pet. ref=d).  Appellant does not have an
absolute right to a hearing on a motion for new trial.  See Reyes v. State,
849 S.W.2d 812, 815 (Tex. Crim. App. 1993).  Furthermore, a trial court is not
required to convene a hearing on a motion for new trial absent a request by the
movant for such hearing.  Rozell v. State, 137 S.W.3d 106, 108 (Tex.
App.CHouston [1st Dist.] 2004), aff=d, 176 S.W.3d 228 (Tex. Crim. App. 2005); Brooks v.
State, 894 S.W.2d 843, 847 (Tex. App.CTyler 1995, no pet.).  There is no
indication in the record that appellant requested or desired a hearing on his
motion.  The trial court could not have abused its discretion in failing to
hold a hearing where appellant did not request one.  See Rozell,
137 S.W.3d at 108.  Additionally, because the record reveals that there was no
request for a hearing in the motion or order, appellant failed to preserve
error.  See Tex. R. App. P. 33.1(a).  We overrule appellant=s second issue. 








INEFFECTIVE
ASSISTANCE OF COUNSEL

In
appellant=s third issue, he argues that he was denied effective assistance of
counsel during the time period to file a motion for new trial.  In advancing
this argument, appellant relies on: (1) his pro se motion to withdraw his
guilty plea and pro se notice of appeal; and (2) the lack of evidence in the
record revealing discussions between appellant and counsel regarding the merits
of a motion for new trial. 

The
right to counsel is fundamental in our justice system and applies at every
critical stage of a proceeding, including the time period for filing a motion
for new trial.  Nguyen v. State, 222 S.W.3d 537, 540 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d).  A rebuttable presumption exists
that the appellant was represented by counsel and that counsel acted
effectively.  Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App.
1998). To prevail on a claim of deprivation of counsel during the time to file
a motion for new trial, appellant must affirmatively prove that he was not
represented by counsel during this critical stage.  Hanson v. State,
11 S.W.3d 285, 288 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  








Here,
the record shows the following: (1) appellant was represented by appointed
trial counsel; (2) appellant=s trial counsel signed the certification of appellant=s right to appeal on the day
appellant was sentenced; (3) appellant filed a pro se motion to withdraw his
guilty plea and notice of appeal on December 27, 2006, six days after his
sentence was imposed and within the 30-day deadline; and (4) appellate counsel
was subsequently appointed.  These events do not affirmatively establish that
counsel abandoned appellant after his sentence was imposed.  See Oldham,
977 S.W.2d at 362-63 (holding the fact that appellant filed a pro se notice of
appeal and appellate counsel was appointed sixty-two days after judgment is
insufficient to rebut presumption that appellant was represented during
critical period).  Furthermore,  nothing in the record affirmatively shows that
appellant=s trial counsel failed to discuss the merits of a motion for new trial
with appellant.   See Smith v. State, 17 S.W.3d 660, 662-63 (Tex. Crim.
App. 2000) (the appellant=s statement that he had not been represented since sentencing
was not enough to rebut the presumption of effective assistance); see also
Hanson, 11 S.W.3d at 288 (appellant must affirmatively show he was not
represented).  The record contains no motion to withdraw by appellant=s trial counsel, and the fact that
appellant filed his pro se notice of appeal and motion for new trial within six
days of sentencing indicates that he must have been informed of at least some
of his appellate rights.  Because appellant=s claim of deprivation of counsel is
not firmly founded in the record, he has failed to overcome the presumption
that he was effectively represented by counsel during the time to file a motion
for new trial.  Accordingly, we overrule appellant=s third issue.  

We
affirm the trial court=s judgment.

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed March 6, 2008.

Panel consists of
Chief Justice Hedges and Justices Anderson and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Section 5(b) has been amended to allow a defendant
to appeal from the court=s determination to proceed with an adjudication of
guilt within the confines of section 21.  See Act of May 28, 2007, 80th
Leg., R.S., ch. 1308, ' 5, 2007 Tex. Gen. Laws 4405 (codified as Tex. Code
Crim. Proc. Ann. art. 42.12 ' 5(b) (Vernon
Supp. 2007)).  Because, however, the hearing was conducted on December 21, 2006,
this case is controlled by the law in effect at that time, which explicitly
provided that no appeal may be taken from the determination to adjudicate
guilt.  Tex. Code Crim. Proc. Ann.
art. 42.12 ' 5(b) historical note (Vernon Supp. 2007) [Act of May
28, 2007, 80th Leg., R.S., ch.1308, ' 5,
2007 Tex. Gen. Laws 4405]. 





[2]  To the extent that appellant argues the merits of
the motionB that his original guilty plea was not intelligent and
voluntaryB we do not have jurisdiction to review this issue.  See
Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (stating that a
defendant placed on deferred adjudication may raise issues relating to the
original plea proceedings only in appeals taken when deferred adjudication is
first imposed); Hanson v. State, 11 S.W.3d 285, 287-88 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).