1172-14

ORIGINAL

NO.PD-1172-14

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

ERIC CHRISTOPHER GONZALEZ
Appellant,

VS.

THE STATE OF TEXAS
Appellee.

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 12 2015

Abel Acosta, Clerk

## MOTION FOR RE-HEARING ON PETITION FOR DISCRETIONARY REVIEW PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 79.

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW,ERIC CHRISTOPHER GONZALEZ,in Pro se,and files this

his "Motion For Re-Hearing"of his Petition for Discretionary Review

and in support thereof will show the Court:

FILED IN
COURT OF CRIMINAL APPEALS

FEB 12 2015

Abel Acosta, Clerk

I.

A jury found Apellant guilty of felony murder,aggravated assault, felony evading arrest,and possession of marijuana,and the trial court sentenced him to concurrent terms of 50 years,20 years,20 years,and two years in a state jail facility.(24 RR 20-23.

Appellant filed a motion for new trial based on ineffective assistance of counsel.(CR.172).After setting the motion for a hearing,the trial court rescinded its order,and denied the motion for new trial without a hearing.(CR.190;225).In a published opinion, the court held that Appellant was not entitled to a hearing on his motion for new trial,on the basis that he lacked standing for a jury charge on the validity of a third-party's consent to search, and the erroneous admission of marijuana did not affect his sub-

1.

stantial rights.**Gonzalez v.State,**2014 WL 4049800 at*5,*10,*14 (Tex.App.-Corpus Christi,August 14,2014).

## II.
## STATEMENT OF PROCEDURAL HISTORY

The Thirteenth Court of Appeal's opinion issued on August 14, 2014.No motion for re-hearing was filed.The Petition for Discretionaty Review was filed on September 19,2014.The Court of Criminal Appeals denied the Petition on January 28,2015.This Motion for re-hearing is due to be filed February 12,2015.

## III.

This motion for re-hearing is grounded on substantial intervening circimstances which are to be specified in this motion. And Appellant certifies that this motion is so grounded and is made in good faith and not for delay.

## IV.
## GROUNDS PRESENTED FOR REVIEW AND
## RE-HEARING

GROUND FOR RELIEF NUMBER ONE:
1.The court of aapeals erred in requiring Appellant,who has alleged in a motion for new trial that he was denied the effective assistance of counsel at trial,to file an affidavit containing legal conclusions regarding prejudice,to be entitled to a hearing on the motion.

GROUND FOR RELIEF NUMBER TWO:
The court of appeals erred in holding that Appellant did not have standing to obtain a jury instruction pursuant to Art.38.23 of the Code of Criminal Procedure on the validity of Francina Flore's consent to search the apartment.

GROUND FOR RELIEF NUMBER THREE:
The court of appeals erred in holding that the erroneous admission of marijuana from Flore's apartment did not affect a substantial right.

## V.
## ARGUMENT AND AUTHORITIES-GROUND ONE

1.Appellant's Motion For New Trial and Counsel's Supporting

Affidavit Were Clearly Sifficient and Appropriate To Warrant An

2.

Evidentiary Hearing.

Appellant's motion for new trial alleged that he was denied effective assistance of counsel,asserting seven instances of conduct that was deficient performcne.(CR.pp,172-174).Trial Counsel's supporting affidavit acknowledged that **none of the first six of the allegations were the result of any trial strategy.**(CR.pp,177-179).

In requiring that the supporting affidavit contain "legal conclusions" regarding prejudice before a hearing is warranted on a motion for new trial,the court of appeal's published decision is in conflict with decisions from the court of appeals and this Court. The Court of appeals cited to **Barnett v.State,**338 S.W.3d 680,685 (TEX.App.-Texarkana 2011,pet.ref'd)(per curiam).The Court of appeals incorrectly applied **Barnett's case to the present case.**A review of Barnett v.State,supra,reveals that Barnett did not apply any legal conclusions as to his ineffective assistance of counsel claims, the Barnett case,also reveals that in Barnett's motion for new trial,he only alleged that his counsel was ineffective,in the case at hand,the need for an evidentiary hearing is needed,because the record was silent,and any time a court is faced with a silent record the evidentiary hearing on a motion for new trial that alleges that counsel was ineffective assistance a hearing is "mandatory." **Rozell v.State,**137 S.W.3d 106(Tex.App.-Houston [1st Dist]2004)aff'd. 176 S.W.3d 228(TEX.CRIM.App.2005).

The very purpose of a hearing on a motion for new trial is to (1)decide whether the cause should be retried,and (2)prepare a record for presenting issues on appeal in the event the motion is denied.**Smith v.State,**286 S.W.3d 333(TEX.CRIM.App.2009).A trial

3.

judge abuses his discretion in failing to hold a hearing on a motion for new trial when that motion raises matters that are not determinable from the record.**Smith v.State,supra.**The trial judges discretion in determining whether to grant a hearing on a motion for new trial extends only to deciding whether the defendant has raised grounds that are both undeterminable from the record and reasonable;if the trial judge finds that the defendant has met the critera,he has no discretion in failing to hold a hearing.**Gonzales v.State,**304 S.W.3d 838(TEX.CRIM.App.2010).The very purpose of the hearing on the defendant's motion for new trial is to develope fully the issues raised in the motion.**Guidry v.State,**132 S.W.3d 611 (Tex.App.-Houston[1st Dist]2004,no pet.).

An ineffective assistance of counsel claim may properly be raised in a motion for new trial,and where a timely and adequate motion for new trial,supported by affidavit and raising matters not shown by the record,is presented to the trial court,the trial court must hold a hearing on the motion.**Hale v.State,**140 S.W.3d 381(Tex.App.-Fort Worth 2004,pet.ref'd.).

The State's very to the issues raised by Appellant as setting forth the ineffective assistance of counsel demonstrates that the trial court abused its discretion in denying a hearing.For example, see the State's response to Appellant's brief in regard to his properly raised ineffective assistance of counsel's claim's.See (Appelles Brief pages 11-12).In the analysis of the State in the Appelles Brief,the State did not contest that Appellant's claims are not determinable by the record of the trial.(**Id.Appellee's Brief p,11-12).**The State also did not concede that the actions of

4.

Appellant's trial counsel were not deficient.(**Id.Appellee's Brief page 12).**

Appellant's record was silent as to counsel's motivations for his lacking any trial strategy and no trial tactics whatsoever, such conduct of counsel is always prejudicial and Appellant was relying on his counsel at the time the motion for new trial was filed and was prepared by his counsel.This Court should not have to speculate on the reasons behind trial counsel's actions when confronted with a silent record."

The State argues that Appellant's counsel's affidavit stating that he had no trial strategy was not enough to warrant a hearing on the motion for new trial

Finally,the court's misplaced reliance on **Smith v.State,**286 S.W. 3d 333,341(TEX.CRIM.App.2009);**Cooks v.State,**240 S.W.3d 906,912 (Tex. Crim.App.2007);,**King v.State,**29 S.W.3d 556,569(TEX.CRIM.App.2000); **Buerger v.State,**60 S.W.3d 358,363(Tex.App.- Houston [14thDist], 2001 pet.ref'd.);and **Barnett v.State,**338 S.W.3d 680,685(Tex.App.-Texar-kana 2011,pet.ref'd)(per curiam).Especially,the opinion of the court of appeals,about the Barnett v.State,supra case,the Court of Appeals for the Thirteenth District,opined that Barnett alleged that his counsel was ineffective for failing to call a particular witnesss Kitty Rowland,to testify,despite knowing she was avail-able.The Court of Appeals stated that "Barnett,was able to dem-onstrate,via the witnesses original statement to police,that the witnesses testimony would have contradicted the testimony of the other witnesses that Barnett used a kinfe during an assualt.Id.

5.

Barnett also alledged that his trial counsel failed to investigate the possibility of introducing mitigating evidence at the punishment stage and specified the evidence;his long history of mental illness.Id.at 686-87.

Appellant asserts that the Court of Appeals,mis-applied the **Barnett v.State,supra,case.**Because the motion for new trial did not alegdge anything but that his trial counsel was ineffective, and he gave an affidavit,the affidavit that **Barnett** gave did not alledge either prong of **Strickland,**deficient nor prejudice.See **EXHIBIT NUMBER (1).**Barnett's motion for new trial and his affidavit are void of any legal conclusions as the state and appellate court allege.

Barnett,did not allege or show how his counsel's conduct was deficient,nor that he was prejudiced by his deficient conduct and Barnett did not cite to any legal conclusions as to his claims. **EXHIBIT NUMBER (1).**The Sixth Court of Appeals abated Barnett's direct appeal and ordered the trial court to hold a hearing on his motion for new trial,because the record was silent as to counsel's motives for his actions that were alleged ineffective assistance of counsel.Even the appellate court's opinon in this case in sum held that Appellant's affidavit of his trial counsel was sufficient to put the trial court on notice that there were reasonable grounds to believe that relief could be granted.See Thirteenth Court of Appeals Epinion page at 9.Citing**Cooks v.State,**240 S.W.3d 906,912 (TEX.CRIM.App.2007).

For the above set forth reasons,and because the trial court abused its discretion by denying Appellant a hearing and to allow him to be present at the hearing,Appellant is entitled to re-hearing

6.

of the denial of the "Petition For Discretionary Review," because Appellant was entitled to an evidentiary hearing on his properly filed Motion for New Trial,that alleged facts that if true would have entitled Appellant to relief,and Ineffective Assistance of counsel claims that were asserted on a silent record.**Rozell v. State**,137 S.W.3d 106(Tex.App.-Houston [1st Dist]2004);aff'd **176 S.W 3d 228**(TEX.CRIM.App.2005).

Also in support Appellant will point out that Honorable Judge Alcala,voted to hear the Petition for Discretionary Review.In this regard and applying the above arguments and law to the facts that have been presented.Appllellant is enititled to.Discretionary Review on his Petition,and this Honorable Court should grant this motion for re-hearing to further determine whether Appellant was enitiled to a hearing on his motion for new trial that alleged ineffective assistance of counsel,the court of appeals for the Thirteenth District erred in denying Appellant relief,an evidentiary hearing was appropriate and necessary to Appellant's ineffective assistance of counsel claims set forth in his motion for new trial,to have proper adjudication of the claims on the merits and to make the necessary record as to counsel's motives,and the trial court erred and abused its discretion by denying the motion with out a hearing. **Hale v.State**,140 S.W.3d 381(Tex.App.-Fort Worth 2004,pet.ref'd). **RE-HEARING IS APPROPRIATE AND REVIEW SHOULD BE GRANTED.**

## ARGUMENT AND AUTHORITIES-GROUND TWO

2.Appellant Had Standing to Request an Art.38.23 Jury Instruction on The Validity of Francina Flore's Consent to Search.

7.

At trial and on cross-examination,Flores' testified that she "really didn't want to let[police]in[the]apartment," she was "pretty **much forced to" sign the consent form,**and that police **officer Joey Garcia,threatened to take her childeren and send them to Children's Protective Services,unless she consented to the search and[told] them what they wanted to hear."**(23 RR.pp,135-136).

Appellant requested a jury instruction pursuant to Art.38.23 of the Code of Criminal Procedure,on the validity of Floes' consent to search the apartment.(23 RR.pp,19,20;23).The trial court denied Appellant's requested instruction.(23 RR.PP,21,24).The court of appeals held that Appellant was not enitiled to an Art.38.23 jury instruction because he lacked standing to contest the validity of Flores' consent to search.Because the court of appeals' published decision is in conflict with decisions from court's of appeals as well as this Court,the Court of Criminal Appeals of Texas,discretionary review is warranted pursuant to Tex.R.App.P.66.3(a)and Tex.R.App.P.66.3(c),and Appellant is enitiled to re-hearing the decision of this Court respectively under Texas Rule of Appellate Procedure Rule 79.

Appellant is entitled to re-hearing of this matter and to the discretionary review he seeks,and in support that he had standing to obtain a jury instruction under Art.38.23(a),Appellant will show:

> "**T.C.C.P.Art.38.23(a)**EVIDENCE NOT TO BE USED.
> (a)No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

8.

In any case where the legal evidence raises an issue hereunder,or has a reasonable doubt,that the evidence was obtained in violation of the provisions of this Article,then and in such event,the jury shall disregard any such evidence so obtained.

Applying the above Texas and United States violation with the testimony of Flores' that the police officer Garcia,threatened her with her children if she did not sign the consent form is evidence that required an jury instruction on the issue.**Holmes v.State,**248 S.W.3d 194,196(TEX.CRIM.App.2008):

"A defendant who affirmatively states,No objection,when evidence is offered,waives his right to complain on appeal that the evidence was,as a matter of law,illegally obtained under Art.38.23.But that same defendant may still request and recieve a jury instruction under Art.38.23 if the evidence raises a contested factual issue that is material to the lawfulness of obtaining the evidence.These are two distinct issues:(1)is a legal question of admissibility for the judge and the other is(2)a question of disputed fact for the jury's consideration."**Holmes v.State,248 S.W.3d 194,196.**

Appellant complained that the evidence was obtained in violation of the law,and that Flores' consent was the fruit of police threats, in **Atkinson v.State,**923 S.W.2d 21,23(TEX.CRIM.App.1996),this Court ruled and held that:

"Evidence obtained in violation of the law must be excluded from jury consideration in criminal cases on request of the defendant. The judge should withhold such evidence from the jury altogether when it is inadmissible purely as a matter of law.But,when there are disputed issues of fact affecting the legality of its seizure, the question of exclusion may be tried to the jury.In such event, the judge **must** include in his final charge an instruction that,if the jury "believes,or has reasonable doubt,that the evidence was obtained in violation of...any provision of the Constitution or laws of the State of Texas,or of the Constitution or laws of the U.S.,...then and in any event,the jury sahll disregard any such evidence so obtained."

9.

Moreover,the evidence raises the issue[of whether the evidence was **obtained** illegally]may be either strong,weak,contradicted,un-impeached,or unbelievable."**Muniz v.State**,851 S.W.2d 238,254(TEX. CRIM.App.1993).Appellant,relies also on his original petition which properly set forth the law on such amter's and Appellant is enitiled to have this motion for re-hearing granted,because the evidence that was obtained from the apartment and the consent were the fruit of an illegal search and seizure in violation of Article I § 9 of the Texas Constitution and the Fourth Amendment to the United States Constitution,when police officer Garcia,threatened Flores' with taking her children away,if she did not sing the consent.

Appellant was entitled to and had standing to request an jury instruction under Art.38.23,because the evidence seized was in fact disputed at trial,Appellant is entitled to a new trial and any other relief that is appropriate and necessary that this Court may deem necessary.**RE-HEARING IS APPROPRIATE AND NECESSARY AND APPELLANT IS ENTITLED TO REVIEW.**

### ARGUMENT AND AUTHORITIES-GROUND THREE

3.The Erroneous Admission of Marijuana and Pictures of Marijuana Seized From Flores' Apartment Affected Appellant's Substantial Rights.

### FACTS RELEVANT TO GROUND THREE

When the State offered SX 35,marijuana recovered from the Flores' apartment,the trial court overrruled Appellant's Tex.R.Evid.401, 404(b),and 403 objections.(20 RR.175).The trial court also over-ruled these same objections to SX's 58,67,68,69,70,80,and 87,

10.

pictures of the marijuana seized from Flores' apartment.(22.RR.86).

The court of appeals held that the trial court erred in admitting the marijuana because it was not "same transaction contexual evidence."Although the court acknowedged that the marijuana "**played a large part in the State's case**" and that it "used the [marijuana] from the apartment,including the identification alleged to be found in the bag with the marijuana...to connect the marijuana with Appellant,it neverthless concluded that this error did not affect Appellant's substantial rights.Because the harm analysis in the court's published decision is in conflict with decisions from this Court[Court of Criminal Appeals]and courts of appeals, and ignores evidence essential to its resolution of this complaint, discretionary review was warranted pursuant to Tex.R.App.P.66.3(a), Tex.R.App.P.66.3(c).

At the out set,the court of appeals'failed to consider Appellant's primary argument that this error was not harmless-the State's repeated emphasis on the marijuana and the photographs dispicting it during final argument in urging jurors to convict on Count IV-in its harm analysis,as required by Tex.R.App.P.47.1.See **Sims v.State**, 99 S.W.3d 600,603-604(TEX.CRIM.App.2003)("As a general proposition, reviewing courts ought to mention a party's number one argument and explain why it does not have the persuasive force the party thinks it does.");**King v.State**,848 S.W.2d 142,143(TEX.CRIM.App. 1993).

Appellant,asserts that he is entitled to a re-hearing on this issue,and adopts his original arguments and law cited in the petition for discretionary review.This issue was so harmful that it

11.

would result in a manifest miscarriage of justice not to grant this motion for re-hearing on this issue,and would also result in the same to not grant Appellant a new trial after review of this issue.Appellant is so entitled and this Court should grant re-hearing.**RE-HEARING IS NECESSARY AND APPROPRIATE.**

**APPELLANT'S REQUEST OF COURT TO TAKE JUDICIAL NOTICE,THAT HIS APPELLATE ATTORNEY FAILED TO PRESERVE TEN OF APPELLANT'S ERRORS, BY FAILING TO RAISE THE ISSUES IN THE DISCRETION REVIEW PETITION.**

POINTS OF ERROR NOT WAIVED

**ERROR NUMBER THREE OF DIRECT APPEAL:**

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS THE STOP.

**ERROR NUMBER FOUR OF DIRECT APPEAL:**

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT ON COUNT III,THE FELONY EVADING ARREST ALLEGATION,BECAUSE HIS CONVICTION ON THAT COUNT VIOLATED DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT.

**ERROR NUMBER SIX OF DIRECT APPEAL:**

THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A JURY INSTRUCTION ON THE VALIDITY OF THE SEARCH THAT YIELDED THE MARI-JUANA FROM THE CONSOLE OF HIS TRUCK PURSUANT TO ART.38.23 OF THE CODE OF CRIMINAL PROCEDURE.

**ERROR NUMBER THIRTEEN OF DIRECT APPEAL:**

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT THE GUILT-INNOCENCE STAGE.
1.Failing to Limit the Definitions of "Intentionally" and "Knowingly."
2.Failing to Request a Mistake of Fact Instruction.
3.Failing to Object to the State's Repeated Use of the Term "Victim.".

The issues listed above are "in no way waived",Appellant relied completely on his appellate counsel to preserve these issues and his counsel failed,Appellant was denied effective assistance of counsel by his appellate counsel deficient conduct that has resulted in prejudice of his review of the issues raised in his original direct appeal,for appellate counsel to drop the ball could result in Appellant forfieting the issues for later review of a higher court,Appellant reserves the right to raise the above issues at another level of appellate review.

## CONCLUSION AND PRAYER FOR RELIEF

Appellant,is entitled to re-hearing of his properly raised issues,that this Court denied in Appellant's petition for dis-cretionary review,it would be a total mis-carriage of justice to deny re-hearing on the matters raised,and by the clear and con-vincing evidence that the court of appeals relied on to come to the conclusion on Appelant's direct appeal was clearly erroneous and the court of appeal for the Thirteenth District erred by the mis-statement of the law regarding the **Barnett v.State**,case,when in fact Appellant showed more proof than Barnett,that he was denied effective assistance of counsel,and Appellant is entitled to have an hearing on his motion for new trial,wherefore premises being considered,Appellant prays this Court grant re-hearing and review the evidence again and grant Appellant the relief he is entitled to.

X        *Eric C. Boyl*
_____
ERIC CHRISTOPHER GONZALEZ
TDCJ-ID # 1863150

13.

## UNSWORN INMATE DECLARATION

I, Eric Christopher Gonzalez, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, I am an incarcerated inmate at the McConnell Unit, located in Beeville, Bee County, Texas.

Signed this the 9th day of February, 2015. X _Eric C. Gonzalez_
Eric Christopher Gonzalez
TDCJ-ID # 1863150
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas
                78102


## CERTIFICATE OF SERVICE

I, Eric Christopher Gonzalez, hereby certify that a true and correct "carbon copy" of the forgoing motion for re-hearing has been sent via U.S. Mail to: Cameron County, District Attorney, Luis V. Saenz, 964 East Harrison Street, Brownsville, Texas 78520.

Signed this the 9th day of February, 2015. X _Eric C. Gonzalez_
Eric Christopher Gonzalez
TDCJ-ID # 1863150
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas
                78102

14.

## APPENDIX OF RELEVANT EXHIBITS

EXHIBIT NUMBER ONE:Copy of Motion for new trial and copy of the Affidavit of Barnett v.State,338 S.W.3d 680(Tex.App.-Texarkana 2001).Trial Court Number 23473.

TAB ONE.

**TAB ONE.**

EXHIBIT (1) 5 PAGES

NO. 23473

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| --- | --- | --- |
| vs. | § | 6th JUDICIAL DISTRICT |
| RANDY DALE BARNETT | § | LAMAR COUNTY, TEXAS |

## MOTION FOR NEW TRIAL AND MOTION IN ARREST OF JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Randy Dale Barnett, the Defendant in the above styled and numbered cause, and files this Motion for New Trial and Motion in Arrest of Judgment pursuant to Rules 21 and 22 of the Texas Rules of Appellate Procedure, and in support thereof would show this court the following:

1.      The Defendant was sentenced on May 25, 2010. This Motion, filed within the thirty-day timetable, is therefore timely. A hearing must be commenced before the 75th day after the sentence, which is August 8, 2009, or this motion is overruled by operation of law.

2.      The verdict in this cause is contrary to the law and the evidence. *See* Tex. R. App. P. 21.3.

3.      The defendant was denied the effective assistance of counsel in the above-entitled and numbered cause, to wit:

    a.      Defendant was charged with an aggravated assault based on the use of a deadly weapon. A key witness to the incident was Katty Rowland, the defendant's former fiancé. She was present at the time of the incident for which the defendant was charged. She gave a statement in which she denied seeing the defendant displaying a knife. Mr. Coyle advised me that he could not find the witness. However, during the trial, the State advised the court that the witness could be located because they had her address and telephone number. Defendant requested that his counsel file a motion for a continuance to locate the witness but counsel did not do so. This witness' testimony was

Page 1

crucial as the use or exhibition of a deadly weapon was the key element of the aggravated assault charge filed against defendant. The importance of the witness's testimony is demonstrated by defendant's counsel's attempt to offer Kitty Rowland's statement into evidence during the trial. A true and correct copy of Kitty Rowland's statement is attached as Exhibit "A" and is incorporated herein by reference for all purposes.

b. The importance of Kitty Rowland's testimony was further demonstrated in that she had signed an affidavit of non-prosecution in which she averred that the charges against the defendant were not true. A true and correct copy of Kitty Rowland's affidavit of non prosecution is attached as Exhibit "B" and is incorporated herein by reference for all purposes.

c. Defendant's counsel failed to object to evidence concerning a purported assault committed by the defendant upon Kitty Rowland. Kitty Rowland was not present to testify thereto nor were there any other witnesses with personal knowledge thereof. Charges are still pending on this case. The evidence offered thereto was hearsay. The prejudicial effect of this evidence substantially outweighed its probative value and counsel should have objected to the same.

d. Defendant's counsel failed to object to testimony offered during the guilt innocence phase of the trial concerning the defendant's past criminal history and incarceration in the penitentiary.

e. Defendant's counsel failed to request a jury charge on the lesser included offense of assault.

f. Defendant's counsel failed to object to repeated extraneous offense evidence during the guilt innocence phase of the trial.

g. Defendant's counsel failed to offer any mitigating evidence at punishment.

Page 2

182

Defendant has been diagnosed as having various mental health illnesses, including being bipolar. He has had treatment at MHMR. No evidence was offered as to his mental condition.

h.	Defendant's counsel failed to call Rhonda Gustin, a police officer who interviewed the complaining witness, Jim Bryan. Defendant's counsel could have established that Bryan never told the officer that defendant put any knife to Bryan's side when she interviewed him, contrary to the testimony offered at trial. Such evidence could have been used to impeach the complaining witness's testimony.

4.	The trial court has the discretion to grant a new trial in the interests of justice, as the Court of Criminal Appeals has emphasized:

For more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice. In Mullins v. State, 37 Tex. 337, 339-340 (1872-73), the Supreme Court, which at that time had criminal jurisdiction, held:

> . . . The discretion of the District Court, in granting new trials, is almost the only protection to the citizen against the illegal or oppressive verdicts of prejudiced, careless, or ignorant juries, and we think the District Court should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts.

State v. Gonzalez, 855 S.W.2d 692 (Tex. Crim. App. 1993).

5.	For the foregoing reasons, and for such other reasons that may arise on the hearing of this Motion, Defendant requests a new trial.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Court set aside the judgment of conviction entered in this cause and order a new trial on the merits.

Page 3

183

## AFFIDAVIT

BEFORE ME, the undersigned authority, appeared Randy Dale Barnett, who after being duly sworn by me stated the following under oath:

"My name is Randy Dale Barnett. I am over the age of 18 years and I am competent to make this affidavit.

I was charged with an aggravated assault based on the use or exhibition of a deadly weapon. A key witness to the incident was Kitty Rowland, my former fiancé. She was present at the time of the incident for which I charged. She gave a statement in which she denied seeing the defendant displaying a knife. A true and correct copy of the statement which she gave was provided to me by my attorney and is attached hereto and incorporated herein by reference. During the trial, the State advised the court that the witness could be located because they had her address and telephone number. I asked my attorney, Jerry Coyle, to file a motion for a continuance to locate Kitty Rowland but he refused to do so. Kitty Rowland's testimony was crucial as the use or exhibition of a deadly weapon was the key element of the aggravated assault charge filed against me. The importance of the her testimony is demonstrated by my counsel's attempt to offer Kitty Rowland's statement into evidence during the trial.

The importance of Kitty Rowland's testimony was further demonstrated in that she had signed an affidavit of non-prosecution in which she averred that the charges against me were not true.

My counsel also failed to object to evidence concerning a purported assault allegedly committed by me upon Kitty Rowland. Kitty Rowland was not present to testify about this nor were there any other witnesses with personal knowledge thereof. Charges are still pending on this case. The evidence offered was hearsay.

My attorney did not object to testimony offered during the guilt innocence phase of the trial concerning my past criminal history and incarceration in the penitentiary.

My counsel failed to request a jury charge on the lesser included offense of assault.

Page 6

159

My counsel failed to object to repeated extraneous offense evidence during the guilt innocence phase of the trial.

My attorney failed to offer any mitigating evidence at punishment. I have been diagnosed as having various mental health illnesses, including being bipolar. I have had treatment at MHMR. No evidence was offered as to my mental condition. In fact, my attorney just asked me if I wanted to tell the jury anything. I did not know what to say. He just did not ask me any questions.

My counsel failed to call Rhonda Gustin, a police officer who interviewed the complaining witness, Jim Bryan. My attorney could have established that Bryan never told the officer that Bryan never told her that I put any knife to Bryan's side, contrary to what was said in Court.

_____
Randy Dale Barnett
Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME**, the undersigned authority, this _3rd_ day of _June_, 2010.

_____
Notary Public, State of Texas

MARLENE HOCUTT
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 3-10-2012

Page 7

190